Shannon B. Nakabayashi (State Bar No. 215469)
Robert Yang (State Bar No. 312964)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Shannon.Nakabayashi@jacksonlewis.com
E-mail:  Rob.Yang@jacksonlewis.com

Attorneys for Defendants
INSURANCE SUPERMARKET, INC.
AND MARREESHA BROWN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE SUPERMARKET, INC.<br>a Delaware Incorporation,<br>MARREESHA BROWN, an individual<br><br>Defendants. | Case No. 3:23-cv-01505-WQH-DEB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br>Complaint Filed:  08/16/2023<br>Trial Date:          Not set |

Defendants   INSURANCE   SUPERMARKET,   INC.   ("ISI")   and MARREESHA BROWN ("BROWN") (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby files their Answer and Affirmative Defenses to the Complaint filed by Plaintiff THANE CHARMAN ("Plaintiff") [ECF 1 (the "Complaint")], as follows:

1. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Complaint and therefore deny them.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4.      Defendants admit that ISI's California Registered Corporate Agent is Lawyers Incorporation Service but deny the remaining allegations and inferences in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations of Paragraph 5 of the Complaint.

**6.**      Defendants admit that Brown's residence is located in Lincoln, Nebraska but deny the remaining allegations and inferences in Paragraph 6 of the Complaint.

### AS TO THE "JURISDICTION AND VENUE"

7.      Defendants admit that this Court has jurisdiction but deny any violation of law or that Plaintiff is entitled to the relief that he seeks.

### AS TO THE "PERSONAL JURISDICTION"

8.      Defendants deny that this Court has general personal jurisdiction over ISI.

9.      This paragraph is a legal conclusion to which no response is required.

### AS TO THE "VENUE"

10.      Defendants admit that this venue is proper, but deny the remaining allegations and inferences in Paragraph 10 of the Complaint.

### AS TO THE "THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227"

11.      Defendants state that the allegations in Paragraph 11 appear to recite the requirements under the Telephone Consumer Protection Act ("TCPA"), which requires no response as the text of the TCPA speaks for itself.

12.      Defendants state that the allegations in Paragraph 12 appear to recite the requirements under the TCPA which requires no response as the text of the TCPA speaks for itself.

13.      Defendants state that the allegations in Paragraph 13 appear to recite the requirements under the TCPA which requires no response as the text of the TCPA speaks for itself.

14.     Defendants state that the allegations in Paragraph 14 appear to recite the requirements under the TCPA which requires no response as the text of the TCPA speaks for itself.

15.     Defendants state that the allegations in Paragraph 15 appear to recite the requirements under the TCPA which requires no response as the text of the TCPA speaks for itself.

16.     Defendants state that the allegations in Paragraph 16 appear to recite the requirements under the TCPA which requires no response as the text of the TCPA speaks for itself.

17.     Defendants state that the allegations in Paragraph 17 appear to recite findings by the Federal Communication Commission ("FCC") with respect to the TCPA, which requires no response as the findings of the FCC and the text of the TCPA speak for themselves.

18.     Defendants state that the allegations in Paragraph 18 appear to recite an FCC statement, which requires no response as the text of the statement speaks for itself.

19.     Defendants state that the allegations in Paragraph 19 appear to recite an FCC statement, which requires no response as the text of the statement speaks for itself.

20.     Defendants state that the allegations in Paragraph 20 appear to recite a statement from the FCC Recorder, which requires no response as the text of the statement speaks for itself.

21.     Defendants state that the allegations in Paragraph 21 appear to recite a statement from the FCC Recorder, which requires no response as the text of the statement speaks for itself.

22.     Defendants state that the allegations in Paragraph 22 appear to recite holdings from legal opinions, which requires no response as the text of the opinions speak for themselves.

Defendants' Answer to Plaintiff's Complaint
Case No. 3:23-cv-01505-WQH-DEB

23.     Defendants state that the allegations in Paragraph 23 appear to recite holdings from legal opinions, which requires no response as the text of the opinions speak for themselves.

### AS TO THE "FACTUAL ALLEGATIONS"

24.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint and therefore deny them.

25.      Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint and therefore deny them.

26.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint and therefore deny them.

27.     Defendants admit that Brown was employed by ISI but deny the remaining allegations and inferences of Paragraph 27 of the Complaint.

28.     Defendants admit that ISI contracts with third-parties to market and solicit insurance products. Defendants deny the remaining allegations and inferences of Paragraph 28. This paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 32 of the Complaint and therefore deny them.

33.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint and therefore deny them.

34.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Complaint and therefore deny them.

35.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint and therefore deny them.

Defendants' Answer to Plaintiff's Complaint
Case No. 3:23-cv-01505-WQH-DEB

36.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint and therefore deny them.

37.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Complaint and therefore deny them.

38.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the Complaint and therefore deny them.

39.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Complaint and therefore deny them.

40.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint and therefore deny them.

41.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint and therefore deny them.

42.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Complaint and therefore deny them.

43.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Complaint and therefore deny them.

44.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Complaint and therefore deny them.

45.     Defendants admit that Brown's Individual Life Agent License Number registered with the State of Texas is 2869650 but deny the remaining allegations and inferences in Paragraph 44 of the Complaint.

46.     Defendants admit that Brown was employed by ISI but deny the remaining allegations and inferences of Paragraph 56 of the Complaint.

47.     Defendants admit that Brown sold life insurance while employed by ISI.

48.     Defendants admit that Brown sold insurance related to EMC National Life. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 48 of the Complaint and therefore deny them.

Defendants' Answer to Plaintiff's Complaint
Case No. 3:23-cv-01505-WQH-DEB

49.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of the Complaint and therefore deny them.

50.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 50 of the Complaint and therefore deny them.

51.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 51 of the Complaint and therefore deny them.

52.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 52 of the Complaint and therefore deny them.

53.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 53 of the Complaint and therefore deny them.

54.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 54 of the Complaint and therefore deny them.

55.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 55 of the Complaint and therefore deny them.

56.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 56 of the Complaint and therefore deny them.

57.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint and therefore deny them.

58.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Complaint and therefore deny them.

59.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 59 of the Complaint and therefore deny them.

60.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the Complaint and therefore deny them.

61.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 61 of the Complaint and therefore deny them.

62.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Complaint and therefore deny them.

Defendants' Answer to Plaintiff's Complaint

Case No. 3:23-cv-01505-WQH-DEB

63.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 63 of the Complaint and therefore deny them.

64.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 64 of the Complaint and therefore deny them.

65.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Complaint and therefore deny them.

66.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Complaint and therefore deny them.

67.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Complaint and therefore deny them.

68.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint and therefore deny them.

69.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 69 of the Complaint and therefore deny them.

70.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 70 of the Complaint and therefore deny them.

71.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 71 of the Complaint and therefore deny them.

72.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint and therefore deny them.

73.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint and therefore deny them.

74.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint and therefore deny them.

75.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint and therefore deny them.

76.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint and therefore deny them.

Defendants' Answer to Plaintiff's Complaint
Case No. 3:23-cv-01505-WQH-DEB

77. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint and therefore deny them.

78. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Complaint and therefore deny them.

79. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint and therefore deny them.

80. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint and therefore deny them.

81. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 81 of the Complaint and therefore deny them.

82. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Complaint and therefore deny them.

83. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Complaint and therefore deny them.

84. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint and therefore deny them.

85. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Complaint and therefore deny them.

86. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Complaint and therefore deny them.

87. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Complaint and therefore deny them.

88. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Complaint and therefore deny them.

89. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 89 of the Complaint and therefore deny them.

90. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 90 of the Complaint and therefore deny them.

Defendants' Answer to Plaintiff's Complaint

Case No. 3:23-cv-01505-WQH-DEB

91.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 91 of the Complaint and therefore deny them.

92.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 92 of the Complaint and therefore deny them.

93.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 93 of the Complaint and therefore deny them.

94.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 94 of the Complaint and therefore deny them.

95.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 95 of the Complaint and therefore deny them.

## AS TO THE "VICARIOUS LIABILITY OF DEFENDANTS ACTUAL AUTHORITY"

96.     Defendants state that the allegations in Paragraph 96 appear to recite holdings from legal opinions, which requires no response as the text of the opinions speak for themselves.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

Defendants' Answer to Plaintiff's Complaint

Case No. 3:23-cv-01505-WQH-DEB

110.   Defendants deny the allegations in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations in Paragraph 111 of the Complaint.

## AS TO THE "THE SELLER SHOULD BE HELD LIABLE TO UPHOLD THE DETERRENT EFFECT AND PURPOSE OF THE TCPA"

112.   Defendants state that the allegations in Paragraph 112 appear to recite the holding from a legal opinion, which requires no response as the text of the opinion speaks for itself.

## AS TO THE "INJURY, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS"

113.   Defendants deny the allegations in Paragraph 113 of the Complaint.

114.   Defendants deny the allegations in Paragraph 114 of the Complaint.

115.   Defendants deny the allegations in Paragraph 115 of the Complaint.

116.   Defendants deny the allegations in Paragraph 116 of the Complaint.

117.   Defendants deny the allegations in Paragraph 117 of the Complaint.

## AS TO THE "COUNT ONE"

118.   Defendants incorporate by reference its responses to Paragraphs 1-117 of the Complaint as if fully set forth herein.

119.   Defendants deny the allegations in Paragraph 119 of the Complaint.

120.   Defendants deny the allegations in Paragraph 120 of the Complaint.

121.   Defendants deny the allegations in Paragraph 121 of the Complaint.

122.   Defendants deny the allegations in Paragraph 122 of the Complaint.

123.   Defendants deny the allegations in Paragraph 123 of the Complaint.

124.   Defendants deny the allegations in Paragraph 124 of the Complaint.

125.   Defendants deny the allegations in Paragraph 125 of the Complaint.

126.   Defendants deny the allegations in Paragraph 126 of the Complaint.

## AS TO THE "PRAYER FOR RELIEF"

Defendants deny the allegations in Plaintiff's Prayer for Relief and further deny that Defendants violated any law or deny that Plaintiff is entitled to any relief

Defendants' Answer to Plaintiff's Complaint

Case No. 3:23-cv-01505-WQH-DEB

1  whatsoever in this action.

2      A. Defendants deny that Plaintiff is entitled to the relief requested in

3  paragraph (A).

4      B. Defendants deny that Plaintiff is entitled to the relief requested in

5  paragraph (B).

6      C. Defendants deny that Plaintiff is entitled to the relief requested in

7  paragraph (C).

8      D. Defendants deny that Plaintiff is entitled to the relief requested in

9  paragraph (D).

10     E. Defendants deny that Plaintiff is entitled to the relief requested in

11 paragraph (E).

12 ## AS TO THE "DEMAND FOR JURY TRIAL"

13 Defendants admit that Plaintiff seeks a jury trial but deny that there is any

14 genuine issue of material fact to be tried.

15 ## GENERAL DENIAL

16 Defendants deny each and every allegation of fact, conclusion of law, or other

17 matter in the Complaint that has not been expressly admitted in this Answer.

18 ## DEFENSES AND AFFIRMATIVE DEFENSES

19 Without assuming the burden of proof on any matters that would otherwise

20 rest with the Plaintiff, expressly denying all wrongdoing, and subject to a reasonable

21 opportunity for further investigation and discovery, Defendants respond to

22 Plaintiff's Complaint by alleging the following defenses:

23 ## FIRST AFFIRMATIVE DEFENSE

24 **(Failure to State a Claim)**

25 1.     The Complaint fails to state a claim upon which relief can be granted.

26 ## SECOND AFFIRMATIVE DEFENSE

27 **(No Damages/Injury)**

28 2.     The Complaint is barred on account lack of any injury or harm to

11

Defendants' Answer to Plaintiff's Complaint

Case No. 3:23-cv-01505-WQH-DEB

Plaintiff and any harm to Plaintiff was *de minimus*.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Causation)

3.      Plaintiff's own conduct, or the conduct of third parties or entities outside of Defendants' control and responsibility, caused or contributed to Plaintiff's damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4.      The Complaint is barred on account of Plaintiff's consent under the Telephone Consumer Protection Act.  Consent was obtained from Plaintiff, on his behalf, or by a user in possession of his telephone number, and therefore, Plaintiff's claims fail.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.      Plaintiff's claims are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction - Article III Standing)

6.      This Court lacks subject matter jurisdiction because Plaintiff has not alleged nor suffered any injury or harm cognizable under Article III of the United States Constitution and seeks only statutory damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith; Lack of Willful or Knowing Violation)

7.      Defendants did not act willfully or knowingly with respect to any alleged violation of the Telephone Consumer Protection Act.  Instead, Defendants acted in good faith and without intent to harm Plaintiffs or the putative classes or to engage in any known wrongful act or violation of law.  Any violation that may have occurred, which allegation is denied, occurred notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Innocent Mistake and/or Bona Fide Error)

8.     Plaintiff's claims are barred because any alleged acts or omissions of Defendants giving rise to the alleged claims were the result of an innocent mistake and/or bona fide error notwithstanding that Defendants established and implemented reasonable practices and procedures.  Defendants acted at all times in a reasonable manner in connection with the events at issue in this case.

## NINTH AFFIRMATIVE DEFENSE

### (Unconstitutional - Violations of the Fifth and Fourteenth Amendment)

9.     Interpretations of the Telephone Consumer Protection Act upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provisions of the Fourteenth Amendment to the United States Constitution.  Furthermore, the Fifth and Fourteenth Amendments to the United States Constitution would be violated if the statutory damages claimed by Plaintiff, in the absence of any actual injury to Plaintiff, were to be imposed against Defendants because they would be grossly excessive, arbitrary, and disproportionate to any "harm" suffered by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

10.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver, acquiescence, and/or estoppel due to Plaintiff's voluntarily provision of his cellular telephone number to encounter the known risk of which they now complain.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.     Plaintiff's claims are barred in whole or in part by the doctrines of laches.

/ / /

Defendants' Answer to Plaintiff's Complaint

Case No. 3:23-cv-01505-WQH-DEB

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

12.     Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

13.     Defendants deny that Plaintiff suffered any injury, but to the extent Plaintiff claims to have suffered damage, Plaintiff failed to mitigate his damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Other Provisions Under The TCPA)**

14.     Defendants incorporate by reference all provisions set for within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

15.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's and/or third parties' Acts — and not those of Defendants — caused or contributed to Plaintiffs' alleged injury.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

16.     The Complaint, and each cause of action contained therein, is barred by the doctrine of avoidable consequences.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

17.     Plaintiff's claims may be barred because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

Defendants' Answer to Plaintiff's Complaint

Case No. 3:23-cv-01505-WQH-DEB

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

18.    Plaintiff's claims and those of the putative classes are barred because third parties, and not Defendants, failed to use reasonable care in performing work under an agreement with Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Not ATDS)

19.    The equipment allegedly used to make calls to the purported class members does not have the capacity to store, produce, or text randomly or sequentially generated telephone numbers, and therefore is not an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Bad Faith)

20.    This lawsuit may have been filed in bad faith and/or for unfounded, unreasonable, or objectively frivolous reasons, thereby barring Plaintiff from recovering on any cause of action in the Complaint and entitling Defendants to recover their costs of suit incurred herein, including reasonable attorney's fees.

## TWENTY – FIRST AFFIRMATIVE DEFENSE

### (No Irreparable Injury)

21.    Plaintiff is not entitled to any equitable or injunctive relief because he has suffered no irreparable injury based on any alleged conduct of Defendants, and Plaintiff has an adequate remedy at law for any such alleged conduct.

## TWENTY – SECOND AFFIRMATIVE DEFENSE

### (Right to Raise Other Defenses)

22.     Because the Complaint is couched in conclusory terms and Defendants do not presently know all facts respecting the conduct of Plaintiff sufficient to state all affirmative defenses at this time, Defendants cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendants reserve the right to

Defendants' Answer to Plaintiff's Complaint

supplement or amend their answer to add any and all additional defenses which may arise during litigation.

WHEREFORE, Defendants seek judgment against Plaintiff and pray as follows:

1. Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

2. Entering judgment in favor of Defendants;

3. Awarding Defendants their costs of suit incurred and attorneys' fees in defense of this action to the maximum extent permitted by law; and,

4. Granting Defendants any such other and further relief as the Court deems just and proper.

Dated:   October 2, 2023                    JACKSON LEWIS P.C.


By:   /s/ Shannon B. Nakabayashi
        Shannon B. Nakabayashi
        Robert Yang
        Attorneys for Defendants
        INSURANCE SUPERMARKET,
        INC. AND MARREESHA BROWN

4869-8390-4386

Defendants' Answer to Plaintiff's Complaint
                                        Case No. 3:23-cv-01505-WQH-DEB