1
2
3
4
5
6
7

8       UNITED STATES DISTRICT COURT

9       SOUTHERN DISTRICT OF CALIFORNIA

10

11   Thane Charman,                          Case No.:  23-cv-1505-WQH-DEB

12                              Plaintiff,
                                             **SCHEDULING ORDER**
13   v.                                      **REGULATING DISCOVERY**
                                             **AND OTHER PRE-TRIAL**
14   Insurance Supermarket Inc., *et al*.,   **PROCEEDINGS**

15                              Defendants.

16

17        Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was

18   held on **December 20, 2023**. After consulting with the attorneys[1] of record for the parties

19   and being advised of the status of the case, and good cause appearing, **IT IS HEREBY**

20   **ORDERED**:

21        1.     Any motion to join other parties, to amend the pleadings, or to file additional

22   pleadings shall be filed by **February 3, 2024**.

23        2.     A telephonic Status Conference will be held on **February 23, 2024 at**

24   **9:30 a.m.** Counsel must call the Court's teleconference line at 1-888-398-2342, enter

25   access code 83-89-272, and press * if prompted for a security code.

26   _____

27   [1] As used herein, references to "attorneys" and "counsel" include any party representing
     himself or herself.
28

3.      All fact discovery shall be completed by all parties by **May 24, 2024**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4.      The parties shall designate their respective experts in writing by **May 24, 2024**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **June 7, 2024**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

5.      By **June 21, 2024**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition,**

23-cv-1505-WQH-DEB

the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

6.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **July 19, 2024**.

7.      All expert discovery shall be completed by all parties by **August 16, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8.      Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9.      All other pretrial motions must be filed by **September 13, 2024**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

10.     A Mandatory Settlement Conference shall be conducted on **May 9, 2024** at **9:30 a.m.** in the chambers of **Magistrate Judge Daniel E. Butcher**. The purpose of the MSC is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Counsel attending the MSC are expected to have a command of the facts and applicable law. Counsel and the parties must be prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions. ***All discussions during the MSC are informal, off the record, privileged and confidential.*** Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

11.     Pursuant to Local Rule 16.3.b., all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the

litigation must participate in the MSC.[2] This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[3] In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Counsel for a government entity may be excused from this requirement so long as the government attorney who participates in the MSC (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

12.     The Court will use its Zoom[4] video conferencing account to hold the MSC. [5] Prior to the start of the MSC, the Court will email counsel an invitation with the Zoom meeting hyperlink and password to participate in the MSC.[6]

Each participant should plan to join the Zoom video conference ***at least five minutes before*** the start of the MSC to ensure that the conference begins on time.   Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[7] In a Breakout Room, the Court will be able to confidentially and individually communicate with participants. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

Counsel are responsible for ensuring their clients are able to participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (e.g., not be driving while speaking to the Court, or otherwise distracted). Participants are encouraged to use laptops or desktop computers

---

[4] If you are unfamiliar with Zoom: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC. There is a cost-free option for creating a Zoom account. For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[5] Counsel may request the MSC be converted to an in-person appearance informally through a joint call or email to the Court's chambers (efile_butcher@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[6] Participants who do not have Zoom already installed on their device when they click on the Zoom meeting hyperlink will be prompted to download and install Zoom before proceeding.

[7] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

23-cv-1505-WQH-DEB

for the video conference, if possible, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

13. No later than **May 2, 2024**, counsel for each party must send an e-mail to the Court at efile_butcher@casd.uscourts.gov containing the following:

a. The ***name and title(s)/position(s) of each participant***, including counsel, all parties and party representatives, and claims adjusters;

b. An ***e-mail address for each attorney participant*** to receive the Zoom video conference invitation;

c. A ***telephone number where each attorney participant*** may be reached so that, if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference; and

d. A ***Confidential MSC Conference Statement***.[8] All confidential MSC Statements must include:

i. the party's position on liability and damages supported by relevant facts, a discussion of the significant facts established during discovery, and legal analysis with citations to controlling legal authority. The parties are also encouraged to attach a chronology setting forth a timeline of the events at issue. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not counted against the page limits;

ii. **for plaintiff(s)**, a specific and current settlement demand addressing all relief sought and an itemization of the damages sought, and, **for defendant(s)**, a specific and current offer and the bases for that offer. (Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific offer or demand cannot be made at the MSC, state the reasons why and

---

[8] The Court does not require MSC Statements to be served on other parties; however, the parties may elect to share statements at their discretion. ***These statements are not to be filed on the CM/ECF system.***

explain what additional information is required to make a settlement demand or offer.);

iii.    a brief description of any previous settlement negotiations or mediations; and

iv.    the names of attorney(s) and non-attorney(s) who will attend the conference, including the name(s) and title(s)/position(s) of the party/party representative(s).

14.    In jury trial cases before Judge Hayes, neither party is required to file Memoranda of Contentions of Fact and Law.

15.    Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **December 18, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

16.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 26, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

17.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 2, 2025**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

//

18.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 8, 2025**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

19.    The final Pretrial Conference is scheduled on the calendar of the **Honorable William Q. Hayes** on **January 15, 2025** at **9:00 a.m**.

20.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

21.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

22.    The dates and times set forth herein will not be modified except for good cause shown.

23.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

24.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  December 21, 2023

Honorable Daniel E. Butcher
United States Magistrate Judge