Thane Charman

2270 Boundary St

San Diego, CA 92104

Telephone:  800-673-4384

Email: OBEY.TCPA@GMAIL.COM


Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual | Civil Case No.: 3:23-cv-01505-WQH-DEB |
| Plaintiff, | |
| v. | |
| INSURANCE SUPERMARKET INC, a | 1. WILLFUL VIOLATIONS OF THE |
| DELEWARE CORPORATION, EDM | TELEPHONE CONSUMER |
| LEADS, LLC, an ARIZONA LIMITED | PROTECTION ACT [47 U.S.C. §227(c)] |
| LIABILITY COMPANY | 2. NEGLIGENT VIOLATIONS OF THE |
| | TELEPHONE CONSUMER |

1

2          Defendants,

3

4

5

6

7

PROTECTION ACT [47 U.S.C. §227(c)]

DEMAND FOR JURY TRIAL

8

9              PLAINTIFF'S SECOND AMENDED COMPLAINT

10          COMES NOW Plaintiff Thane Charman with his Second Amended Complaint and

11    will allege and show as follows:

12                                      PARTIES

13

14

15    1.      Plaintiff THANE CHARMAN ("Plaintiff") is a natural person who was present in

16

17    California for the majority of calls in this case in San Diego County.

18    2.      Defendant Insurance Supermarket Inc. ("ISM") is a corporation organized and

19    existing under the laws of Delaware.

20

21    3.      Insurance Supermarket Inc.'s principal address is 1951 NW 7th Avenue, Suite 600,

22    Miami, Fl 33136.

23    4.      Defendant Insurance Supermarket Inc. can be served via registered agent CSC -

24    Lawyers Incorporating Service 211 East 7th Street Suite 620 Austin, TX 78701.

25

26

27

28

5.     Defendant EDM Leads LLC ("EDM") is a Limited Liability Company organized and existing under the laws of Arizona.

6.     Defendant EDM Leads LLC's principal address is 1166 E Warner Rd. Gilbert, Arizona 85296.

7.     Defendant EDM Leads LLC can be served via registered agent The English Financial Group LLC, 2828 N Central Ave, #1008, PHOENIX, AZ, 85004

## JURISDICTION AND VENUE

8.     **Jurisdiction**. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim.

9.     **Personal Jurisdiction**. This Court has specific personal jurisdiction over the Defendants because they have repeatedly purposefully placed calls to California residents, purposefully spoofed Plaintiff's California area code phone number, and purposefully availed themselves to the state of California via their purposeful contacts with California and the forum, and sell goods and services to California residents, including the Plaintiff.

10.    **Venue**. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at California residents, including the Plaintiff—occurred in

this District and because the Plaintiff was residing in the Southern District of California when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

11.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers en masse. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C.§ 227(b)(1)(B).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of §227(b). 47 U.S.C. § 227(b)(3).

15.     Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

17.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient

18.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the

_____

[1] See Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

SECOND AMENDED COMPLAINT        5

consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

20.    In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

21.    The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." In the Matter of the Joint Petition Filed by Dish Network, LLC, 28 FCC Rcd. 6574, 6574 ¶ 1(2013).

22.    Under the TCPA, a text message is a call. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 – 52 (9th Cir. 2009).

23.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. E.g., Jackson Five Star Catering, Inc. v. Beason, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (Internal quotation marks omitted)); Maryland v. Universal Elections, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

24.     At all times, material hereto Plaintiff personally registered his phone, number 619-4X5-12X5, on the Do-Not-Call Registry in November 2018.

25.     Plaintiff was on the National DNC at all times relevant to this Complaint.

26.     On or about March 4, 2024, Plaintiff was informed by Defendant Insurance Supermarket that Defendant EDM was the company that directly made the calls to Plaintiff.

27.     On or about March 6, 2024, Plaintiff searched Defendant EDM's website at https://edmleadnetwork.com.  EDM's website boasts, "At EDM Network we specialize in providing top-notch lead-generation services that can help take

your business to the next level!  Our team of industry experts uses the latest pay-per-call marketing technologies and strategies to efficiently identify and target potential leads, delivering unrivaled performance in the industry."

28.    Defendant EDMS's website lists the industries it services as "Insurance, Financial Services, and Home Services."

29.    The calls at issue in this case were insurance phone calls.

30.    Defendant Insurance Supermarket was a defendant in two civil cases for violating the TCPA before Mr. Charman received the first call from Insurance Supermarket.

31.    Insurance Supermarket was aware of violations of TCPA and continued to benefit from telemarketing calls.

32.    ISM made numerous direct phone calls to Plaintiff, for which ISM is directly liable.

33.    EDM made numerous direct phone calls to Plaintiff for which EDM is directly liable, and ISM is jointly and vicariously liable pursuant to its Master Services Agreement (Exhibit A) with ISM.

34.    Mareesha Brown ("Brown") is an insurance agent licensed, employed, and/or contracted by Defendant ISM.

35.    Insurance Super Market appointed Ms. Brown with expressed and apparent authority to market insurance products as part of furthering its business.

SECOND AMENDED COMPLAINT        8

ISM was fully aware that Ms. Brown would use telephone solicitation to market and sell its products.

36.    Insurance Supermarket contracted with Defendant EDM to market and solicit insurance products on its behalf. Insurance Supermarket supplied EDM with the prequalification requirements to purchase the insurance products being marketed by EDM on its behalf.

37.    Defendant ISM supplied EDM with specific instructions on which states to call and which hours to place the solicitation phone calls.

38.    Insurance Supermarket continues to benefit from telemarketing phone calls.

39.    Insurance Supermarket provided EDM with access to real-time quotes and pricing information for the solicited life insurance products.

40.    Call #1.  On October 19, 2022, at 11:03 AM Plaintiff received a phone call that displayed 903-839-2585 on the caller identification.  Plaintiff did not answer the phone call.

41.    Call #2.  On October 19, 2022, at 11:10 AM Plaintiff received a phone call that displayed 903-839-2585 on the caller identification.  Plaintiff did not answer the phone call.

42.    Call #3.  On October 19, 2022, at 11:13 AM Plaintiff received a phone call that displayed 903-839-2585 on the caller identification.  Plaintiff did not answer the phone call.

43.     Call #4.  On October 19, 2022, at 11:20 AM Plaintiff received a phone call that displayed 903-839-2585 on the caller identification.  Plaintiff did not answer the phone call.

44.     On October 19, 2022, at approximately 11:35 AM MST Plaintiff received yet another call from 903-839-2585 from Defendants.  Plaintiff was annoyed and aggravated at having received at least five phone calls within 30 minutes and decided to answer the phone to see who was harassing Plaintiff. When Plaintiff answered the call from number 903-839-2585, a telemarketer came on the call stating, "This is (unintelligible) from the Medicare certification department." The telemarketer asked Plaintiff qualification questions like his name, age, state of residence, and health.

45.     Through information and belief, the telemarketer in paragraph 44 was an employee and/or authorized agent of Defendant EDM.

46.      The telemarketer did not properly identify themself, the company the telemarketer worked for, or the company on whose behalf the telemarketer was calling.

47.     The telemarketer then transferred Plaintiff to another telemarketer. The second telemarketer proceeded to ask the same questions asked by the prior telemarketer.

48.     The second telemarketer at the end of the review of the questions then transferred Plaintiff to Defendant Brown.

49.     Defendant Brown was marketing life insurance for seniors.  Plaintiff informed Defendant Brown his name was "Elston Tatum" because Elston is of an age that qualifies

for the insurance.  This was necessitated as a result of Defendants refusing to properly identify themselves.

50.     From taking the call from number 903-839-2585 to speaking with Ms. Brown is one continuous chain of events.

51.     Ms. Brown came on the line and introduced herself as a licensed insurance agent in the state of Texas.

52.     Marreesha Janay Brown's Texas License/Registration is 2869650, is active as was active on the day of the call.

53.     Ms. Brown is an insurance agent employed by Insurance Supermarket.

54.     Ms. Brown was selling whole life insurance.

55.     Ms. Brown discussed different pricing options.

56.     Ms. Brown sold Plaintiff a life insurance policy.

57.     Plaintiff purchased the policy under the name Elson Tatum. And paid for the policy using Plaintiff's personal debit card.

58.     Plaintiff purchased the insurance policy to identify the entity behind the anonymous phone calls. Plaintiff never used the policy and had no utility, as the policy was immediately canceled.

59.     On October 19, 2022, at 12:28 PM Plaintiff received a confirmation email of the purchase.  The email states:

 your payment has been approved

Payment        VISA    43***********XXX

Transaction ID        191022O17-7A8A247D-5C87-46FB-92D2-0B762461576F

Approval Code        046944

Invoice Number        29211

Description  IS2269622

60.    The email signature reads INSURANCE SUPERMARKET INC 1951 NW 7TH AVENUE MIAMI FL MIAMI FL 33160 | 1-866-699-9099

61.    Calling the number provided in the signature 1-866-699-9099 takes you to a recorded message stating, "Welcome to Insurance Supermarket."

62.    The life insurance plan purchased from Ms. Brown is policy number IS2269622 from EMC National Life.

63.    The policy IS2269622 was sold by Defendant Insurance Supermarket on behalf of insurer EMC National Life.

64.    Ms. Brown sent Plaintiff an email on November 9, 2022, stating the following: "Hello, I am Marreesha Brown with Insurance Supermarket. It was brought to my attention that you requested the legitimacy of my license, that is, 18431616. Please reach me for whole life final expense quotes 877-541-0375."

65.    The email sent to Plaintiff by Marressha Brown came from the email address "marreesha.brown@insurance-supermarket.com."

66.     Prior to answering the call from 903-839-2585 Plaintiff had never filled out an application with Insurance Supermarket, had never heard of Insurance Supermarket, and had never established a relationship with them.

67.     The insurance policy issued was in the name of Elston Tatum.

68.     The name Elston Tatum was solely used for the purchase of the life insurance policy.

69.     Plaintiff had never used the name Elston Tatum before October 19, 2023. Plaintiff has never used the name Elston Tatum after October 19, 2023.

70.     Defendants ISM and EDM are the only companies with any ability to associate Elston Tatum with Plaintiff's phone number.

71.     Any phone call in which the telemarketer asked for Elston Tatum could only have been delivered by EDM and/or ISM.

72.     TABLE A shows calls made to Plaintiff that ask for "Elston Tatum."

| Number: | DateTime(GMT): | Caller ID: | Note: |
|---|---|---|---|
| 1. | 10/19/22 17:03 | 903-839-2585 | Asked for Elston |
| 2. | 10/19/22 17:10 | 903-839-2585 | Asked for Elston |
| 3. | 10/19/22 17:13 | 903-839-2585 | Asked for Elston |
| 4. | 10/19/22 17:20 | 903-839-2585 | Asked for Elston |
| 5. | 10/19/22 17:23 | 619-455-1235 | Asked for Elston |
| 6. | 10/19/22 17:32 | 903-839-2585 | Asked for Elston |

| 7. | 10/19/22 17:33 | 903-839-2585 | Asked for Elston |
|---|---|---|---|
| 8. | 10/19/22 17:35 | 903-839-2585 | Asked for Elston |
| 9. | 10/19/22 18:46 | 619-455-1235 | Asked for Elston |
| 10. | 10/19/22 18:53 | 903-839-2585 | Asked for Elston |
| 11. | 10/19/22 19:09 | 270-465-8507 | Asked for Elston |
| 12. | 10/19/22 19:40 | 903-839-2585 | Asked for Elston |
| 13. | 10/19/22 19:40 | 903-839-2585 | Asked for Elston |
| 14. | 10/19/22 19:58 | 903-839-2585 | Asked for Elston |
| 15. | 10/19/22 20:03 | 903-839-2585 | Asked for Elston |
| 16. | 10/19/22 20:25 | 903-839-2585 | Asked for Elston |
| 17. | 10/19/22 23:22 | 903-839-2585 | Asked for Elston |
| 18. | 10/20/22 14:35 | 903-839-2585 | Asked for Elston |
| 19. | 10/20/22 14:56 | 903-839-2585 | Asked for Elston |
| 20. | 10/20/22 15:50 | 360-361-8253 | Asked for Elston |
| 21. | 10/20/22 15:52 | 217-212-5912 | Asked for Elston |
| 22. | 10/20/22 16:08 | 903-839-2585 | Asked for Elston |
| 23. | 10/20/22 16:10 | 770-709-5614 | Asked for Elston |
| 24. | 10/20/22 16:12 | 619-455-1235 | Asked for Elston |
| 25. | 10/20/22 16:14 | 903-839-2585 | Asked for Elston |

| 26. | 10/20/22 16:43 | 260-218-8804 | Asked for Elston |
| 27. | 10/21/22 15:38 | 619-455-1200 | Asked for Elston |
| 28. | 10/21/22 15:56 | 903-762-6127 | Asked for Elston |
| 29. | 10/21/22 16:00 | 903-839-2585 | Asked for Elston |
| 30. | 10/21/22 16:39 | 903-839-2585 | Asked for Elston |
| 31. | 10/21/22 16:43 | 903-839-2585 | Asked for Elston |
| 32. | 10/21/22 16:43 | 903-839-2585 | Asked for Elston |
| 33. | 10/21/22 16:50 | 903-839-2585 | Asked for Elston |
| 34. | 10/22/22 17:02 | 206-201-9112 | Asked for Elston |
| 35. | 10/22/22 17:13 | 662-736-0383 | Asked for Elston |
| 36. | 10/25/22 14:49 | 903-839-2585 | Asked for Elston |
| 37. | 10/25/22 16:19 | 903-839-2585 | Asked for Elston |
| 38. | 10/25/22 22:16 | 903-839-2585 | Asked for Elston |
| 39. | 10/25/22 22:17 | 619-455-1235 | Asked for Elston |
| 40. | 10/25/22 22:48 | 903-839-2585 | Asked for Elston |
| 41. | 10/26/22 21:38 | 903-839-2585 | Asked for Elston |
| 42. | 10/26/22 21:39 | 619-455-1235 | Asked for Elston |
| 43. | 10/27/22 21:53 | 619-455-1235 | Asked for Elston |
| 44. | 10/27/22 21:55 | 619-455-1235 | Asked for Elston |

| | | | |
|---|---|---|---|
| 45. | 11/2/22 14:58 | 619-455-1200 | Asked for Elston |
| 46. | 11/2/22 21:47 | 903-839-2585 | Asked for Elston |
| 47. | 11/2/22 21:50 | 903-839-2585 | Asked for Elston |
| 48. | 11/2/22 21:50 | 619-455-1235 | Asked for Elston |
| 49. | 11/2/22 21:50 | 903-839-2585 | Asked for Elston |
| 50. | 11/3/22 14:03 | 619-455-1200 | Asked for Elston |
| 51. | 11/3/22 14:58 | 619-455-1200 | Asked for Elston |
| 52. | 11/3/22 20:46 | 814-228-5831 | Asked for Elston |
| 53. | 11/4/22 14:17 | 619-455-1200 | Asked for Elston |
| 54. | 11/4/22 14:17 | 619-455-1200 | Asked for Elston |
| 55. | 11/4/22 14:18 | 903-839-2585 | Asked for Elston |
| 56. | 11/4/22 21:53 | 972-217-2801 | Asked for Elston |
| 57. | 11/7/22 17:04 | 270-465-8507 | Says Senior Benefits/Elston |
| 58. | 11/7/22 17:05 | 270-465-8507 | Says Senior Benefits/Elston |
| 59. | 11/8/22 16:09 | 619-455-1200 | Says Senior Benefits/Elston |
| 60. | 11/8/22 18:04 | 903-839-2585 | Says Senior Benefits/Elston |
| 61. | 11/10/22 21:43 | 619-455-1235 | Says Senior Benefits/Elston |
| 62. | 11/10/22 21:44 | 619-455-1235 | Says Senior Benefits/Elston |
| 63. | 11/11/22 17:35 | 870-623-8046 | Says Senior Benefits/Elston |

| 64. | 11/12/22 17:46 | 531-201-8982 | Says Senior Benefits/Elston |
| 65. | 11/12/22 20:03 | 619-455-1230 | Says Senior Benefits/Elston |
| 66. | 11/16/22 21:44 | 972-217-2801 | Says Senior Benefits/Elston |
| 67. | 11/16/22 23:29 | 918-402-7058 | Says Senior Benefits/Elston |
| 68. | 11/16/22 23:30 | 918-402-7058 | Says Senior Benefits/Elston |
| 69. | 11/17/22 18:20 | 903-839-2585 | Says Senior Benefits/Elston |
| 70. | 12/10/22 17:08 | 903-839-2585 | Says Senior Benefits/Elston |
| 71. | 12/15/22 14:40 | 619-939-4135 | Says Senior Benefits/Elston |
| 72. | 1/2/23 19:12 | 619-455-1235 | Says Senior Benefits/Elston |
| 73. | 1/31/23 19:03 | 866-301-8360 | Says Senior Benefits/Elston |
| 74. | 1/31/23 21:53 | 866-301-8360 | Says Senior Benefits/Elston |
| 75. | 2/1/23 17:13 | 866-301-8360 | Says Senior Benefits/Elston |
| 76. | 2/1/23 19:00 | 866-301-8360 | Says Senior Benefits/Elston |
| 77. | 2/1/23 20:03 | 866-301-8360 | Says Senior Benefits/Elston |
| 78. | 2/7/23 17:04 | 903-839-2585 | Says Senior Benefits/Elston |
| 79. | 2/16/23 18:26 | 903-839-2585 | Says Senior Benefits/Elston |
| 80. | 2/21/23 18:49 | 270-726-2927 | Says Senior Benefits/Elston |

73.    Insurance Supermarket is directly liable for phone calls made by Insurance Supermarket.

74.     On October 22, 2022, at approximately 11:13 AM, Plaintiff answered a phone call with 662-736-0383 showing on the caller ID. The plaintiff was transferred to insurance agent Rachel Devolder, who stated she was "with Insurance Supermarket."

75.     On November 1, 2022, at approximately 12:00 PM Plaintiff answered a phone call with 754- 214-3938 showing on the caller ID.  The operator stated, "My name is Ben and I am calling from Insurance Supermarket."

76.     On November 3, 2022, at approximately 9:18 AM Plaintiff answered a phone call with 619-455-1200 showing on the caller ID.  Plaintiff is transferred to insurance agent Jamal Hines who stated he was, "With Insurance Supermarket."

77.     On November 4, 2022, at approximately 3:53 PM Plaintiff answered a phone call with 972-217-2801 showing on the caller ID.  The operator stated, "Tatum this is unintelligible from Medical Advocates of America."  The operator goes on to state Mr. Tatum's birth date and home address.  The operator then went on to say, "We here at Insurance Supermarket are your one-stop shop for insurance."

78.     Plaintiff has received a total of two calls from number 972-217-2801.

79.     On November 5, 2022, at approximately 3:17 PM, Plaintiff answered a phone call with 619-392-9012 showing on the caller ID.  The operator stated, "Elston this is Emma with Insurance Supermarket."

80.     Plaintiff has received a total of six calls from the number 619-393-9012.

81.    On May 20, 2023, at approximately 3:17 PM, Plaintiff answered a phone call with 619-392-9012 showing on the caller ID.  The operator stated, "Elston, this is Blessing with Insurance Supermarket."

82.    TABLE B shows phone calls Plaintiff received where the operator stated they were calling from "Insurance Supermarket."

TABLE B: Direct Calls From Insurance Supermarket

| Number: | Date-Time(GMT): | Caller ID: | Note: |
|---|---|---|---|
| 81. | 10/27/2022 18:38 | 754-214-3938 | Say Insurance Supermarket |
| 82. | 11/1/2022 18:00 | 754-214-3938 | Say Insurance Supermarket |
| 83. | 11/2/2022 18:04 | 754-214-3938 | Say Insurance Supermarket |
| 84. | 11/2/2022 19:08 | 754-214-3938 | Say Insurance Supermarket |
| 85. | 11/2/2022 23:12 | 754-214-3938 | Say Insurance Supermarket |
| 86. | 11/4/2022 22:01 | 754-214-3938 | Say Insurance Supermarket |
| 87. | 11/5/2022 16:45 | 619-391-9012 | Say Insurance Supermarket |
| 88. | 11/5/2022 17:58 | 619-391-9012 | Say Insurance Supermarket |
| 89. | 11/5/2022 18:59 | 619-391-9012 | Say Insurance Supermarket |
| 90. | 11/5/2022 21:16 | 619-391-9012 | Say Insurance Supermarket |
| 91. | 11/7/2022 17:31 | 619-391-9012 | Say Insurance Supermarket |
| 92. | 11/7/2022 19:31 | 619-391-9012 | Say Insurance Supermarket |

| 93. | 11/23/2022 19:52 | 754-214-3938 | **Say Insurance Supermarket** |
|---|---|---|---|
| 94. | 12/14/2022 17:06 | 754-214-3938 | **Say Insurance Supermarket** |

83.    Insurance Supermarket is directly liable for phone calls made by Insurance Supermarket. Each of the phone calls made by Insurance Supermarket was made after Plaintiff had delivered Do-Not-Call Requests to ISM and EDM.

### PLAINTIFF'S DO NOT CALL REQUESTS

84.    DNC Request #1 On October 19, 2022, at approximately 1:40 PM, Plaintiff answered a call from number 903-839-2585 showing on the caller ID.  The operator came on the line and stated, "This is [unintelligible]".  Plaintiff stated, "Do not call again."

85.    DNC Request #2 On October 19, 2022, at approximately 1:58 PM, Plaintiff answered a call with phone number 903-839-2585 showing on the caller ID. The operator comes on the line and states this is American senior benefits. Plaintiff stated, "I am sorry, do not call me again."

86.    DNC Request #4 On October 20, 2022, at 10:43 PM Plaintiff answered a call from number 260-218-8804 showing on the caller ID asking to speak with Elston. This is Alex I am calling you from Medicare you are qualified for a new Medicare card. Plaintiff stated, "No need to call me any further."

87.    DNC Request #5 On October 25, 2022, at approximately 4:45 PM Plaintiff answered a call from number 903-839-2585 showing on the caller ID requesting to speak

with Elston and why I did not buy the policy from the lady. Plaintiff stated, "No need to call me again."

88.    DNC Request #6 On November 3, 2022, at approximately 2:51 PM Plaintiff received a call from number 619-815-1150 showing on the caller ID. Plaintiff answered the phone and the operator said, "This is Rubin, a Medicare supplements advisor on a recorded line.  Based on our records you are qualified for a plan."  Plaintiff stated, "No need to call me again."

89.    EDM is required to deliver all DNC requests and lists to ISM as part of the Master Services Agreement.

90.    On November 12, 2022, Plaintiff answered a call from number 260-218-8804 showing on the caller ID asking to speak with Elston from senior care benefits.

91.    Plaintiff had never used the name Elston Tatum prior to the phone calls in this case and has never used the name Elston Tatum after the phone calls in this case.

92.    No entities besides the Defendants in this case had any reason to call Plaintiff and ask for Elston Tatum.

93.    On November 11, 2022. Plaintiff answered a call with the phone number 870-623-8046 showing on the call ID. The telemarketer asked, "Am I speaking with Elston? This is Namir with the Department of Medicare."

94.    On November 11, 2022. Plaintiff answered a call from number 703-497-2023, showing on the call ID, stating, "Yes, Elston, this is James with senior care benefits."

95.     On November 5, 2022. Plaintiff answered a call with the number 619-391-9012 showing on the call ID. Plaintiff answered the phone, and the operator stated, "Yes, Elston, this is James with senior care benefits."

96.     On November 4, 2022. Plaintiff answered a call with the phone number 972-217-2801 showing on the call ID. The operator asked, "Can I speak with Mr. Tatum? This is 'Medical Advocates of America.'"

97.     On October 19, 2022, at approximately 11:23 AM, Plaintiff answered a phone call utilizing a spoofed caller ID.  The displayed number is Plaintiff's actual phone number, 619-4X5-12X5.  Through information and belief, this spoofed caller ID was designed to trick Plaintiff into answering the phone.

98.     The call On October 19, 2022, at approximately 11:23 with the spoofed number 619 4X5-12X5. The operator asked for "Elston Tatum" and stated they were with "insurance advisors."

99.     Plaintiff received nine more calls with the same spoofed number 619-4X5-12X5.

100.   Plaintiff received numerous phone calls in which the telemarketer asked for Elston and stated they were calling from "Senior Benefits."

101.   TABLE C shows phone calls Plaintiff received that said they were from "Senior Benefits."

TABLE C: Calls From "Senior Benefits." Note: These Senior Benefits calls do not include the 21 calls that say "Senior Benefits" and ask for Elston Tatum in order to not double count.

| Number: | DateTime(GMT): | Caller ID: | Note: |
|---------|----------------|------------|-------|
| 95. | 10/28/2022 14:48 | 404-595-1526 | Says Senior Benefits |
| 96. | 10/31/2022 16:37 | 541-262-6255 | Say Senior Benefits |
| 97. | 11/1/2022 17:15 | 424-217-7539 | Say Senior Benefits |
| 98. | 11/1/2022 18:46 | 931-603-2904 | Say Senior Benefits |
| 99. | 11/4/2022 19:34 | 877-363-4814 | Say Senior Benefits |
| 100. | 11/5/2022 16:45 | 619-391-9012 | Say Senior Benefits |
| 101. | 11/5/2022 17:58 | 619-391-9012 | Say Senior Benefits |
| 102. | 11/5/2022 18:59 | 619-391-9012 | Say Senior Benefits |
| 103. | 11/5/2022 21:16 | 619-391-9012 | Say Senior Benefits |
| 104. | 11/7/2022 15:14 | 209-231-5750 | Say Senior Benefits |
| 105. | 11/7/2022 16:44 | 877-363-4814 | Say Senior Benefits |
| 106. | 11/7/2022 17:31 | 619-391-9012 | Say Senior Benefits |
| 107. | 11/7/2022 19:31 | 619-391-9012 | Say Senior Benefits |
| 108. | 11/8/2022 17:31 | 757-601-5596 | Say Senior Benefits |
| 109. | 11/9/2022 17:19 | 775-254-1371 | Say Senior Benefits |

| 110. | 11/9/2022 21:48 | 619-489-3792 | Say Senior Benefits |
|------|-----------------|--------------|---------------------|
| 111. | 11/10/2022 0:43 | 619-486-9672 | Say Senior Benefits |
| 112. | 11/10/2022 19:57 | 703-497-2023 | Say Senior Benefits |
| 113. | 11/10/2022 19:58 | 703-497-2023 | Say Senior Benefits |
| 114. | 11/12/2022 15:12 | 619-853-0150 | Say Senior Benefits |
| 115. | 11/15/2022 17:23 | 269-429-4600 | Say Senior Benefits |
| 116. | 12/3/2022 17:16 | 619-472-5359 | Say Senior Benefits |
| 117. | 12/3/2022 20:16 | 619-463-4583 | Say Senior Benefits |
| 118. | 12/4/2022 18:55 | 619-449-8637 | Say Senior Benefits |
| 119. | 12/6/2022 15:56 | 619-415-5688 | Say Senior Benefits |
| 120. | 12/8/2022 2:51 | 619-353-7534 | Say Senior Benefits |
| 121. | 12/13/2022 17:02 | 619-810-5458 | Say Senior Benefits |
| 122. | 12/14/2022 22:01 | 619-810-5458 | Say Senior Benefits |
| 123. | 12/14/2022 22:56 | 619-810-5460 | Say Senior Benefits |
| 124. | 12/15/2022 17:31 | 619-353-7533 | Say Senior Benefits |
| 125. | 12/15/2022 18:58 | 619-984-5547 | Say Senior Benefits |
| 126. | 12/15/2022 21:27 | 619-810-5463 | Say Senior Benefits |
| 127. | 12/16/2022 18:17 | 619-353-7533 | Say Senior Benefits |
| 128. | 12/16/2022 21:27 | 619-810-5455 | Say Senior Benefits |

| | | | |
|---|---|---|---|
| **129.** | **12/19/2022 21:55** | **619-810-5458** | **Say Senior Benefits** |
| **130.** | **12/21/2022 17:05** | **619-810-5458** | **Say Senior Benefits** |
| **131.** | **12/21/2022 22:44** | **619-810-5455** | **Say Senior Benefits** |
| **132.** | **12/22/2022 18:49** | **619-810-5465** | **Say Senior Benefits** |
| **133.** | **12/22/2022 20:48** | **619-353-7535** | **Say Senior Benefits** |
| **134.** | **1/3/2023 18:35** | **619-984-5547** | **Say Senior Benefits** |
| **135.** | **1/4/2023 21:31** | **619-810-5455** | **Say Senior Benefits** |
| **136.** | **1/5/2023 20:31** | **619-353-7534** | **Say Senior Benefits** |
| **137.** | **1/6/2023 17:05** | **619-353-7535** | **Say Senior Benefits** |
| **138.** | **1/6/2023 20:39** | **619-810-5455** | **Say Senior Benefits** |
| **139.** | **1/9/2023 19:28** | **619-810-5455** | **Say Senior Benefits** |
| **140.** | **1/10/2023 21:25** | **619-353-7534** | **Say Senior Benefits** |
| **141.** | **1/11/2023 20:50** | **619-810-5455** | **Say Senior Benefits** |
| **142.** | **1/13/2023 19:02** | **619-353-7531** | **Say Senior Benefits** |
| **143.** | **1/16/2023 20:49** | **619-353-7533** | **Say Senior Benefits** |
| **144.** | **1/16/2023 22:22** | **619-353-7531** | **Say Senior Benefits** |
| **145.** | **1/17/2023 18:29** | **619-810-5463** | **Say Senior Benefits** |
| **146.** | **1/19/2023 19:09** | **619-810-5455** | **Say Senior Benefits** |
| **147.** | **1/19/2023 21:32** | **619-353-7534** | **Say Senior Benefits** |

| | | | |
|---|---|---|---|
| **148.** | **1/20/2023 22:47** | **619-353-7535** | **Say Senior Benefits** |
| **149.** | **1/23/2023 22:00** | **619-810-5465** | **Say Senior Benefits** |
| **150.** | **1/24/2023 21:21** | **619-810-5458** | **Say Senior Benefits** |
| **151.** | **1/25/2023 17:11** | **619-810-5455** | **Say Senior Benefits** |
| **152.** | **1/25/2023 21:47** | **619-810-5460** | **Say Senior Benefits** |
| **153.** | **1/26/2023 21:19** | **619-810-5463** | **Say Senior Benefits** |
| **154.** | **1/27/2023 22:55** | **619-810-5458** | **Say Senior Benefits** |
| **155.** | **1/30/2023 17:43** | **619-353-7533** | **Say Senior Benefits** |
| **156.** | **1/31/2023 18:30** | **619-810-5463** | **Say Senior Benefits** |
| **157.** | **1/31/2023 19:35** | **619-810-5460** | **Say Senior Benefits** |
| **158.** | **2/1/2023 18:42** | **619-810-5460** | **Say Senior Benefits** |
| **159.** | **2/1/2023 19:57** | **619-353-7535** | **Say Senior Benefits** |
| **160.** | **2/1/2023 21:41** | **619-810-5465** | **Say Senior Benefits** |
| **161.** | **2/2/2023 17:03** | **619-353-7535** | **Say Senior Benefits** |
| **162.** | **2/2/2023 20:32** | **619-353-7533** | **Say Senior Benefits** |
| **163.** | **2/2/2023 22:15** | **619-810-5458** | **Say Senior Benefits** |
| **164.** | **2/7/2023 19:43** | **619-353-7535** | **Say Senior Benefits** |
| **165.** | **2/8/2023 18:01** | **619-810-5463** | **Say Senior Benefits** |
| **166.** | **2/8/2023 19:32** | **619-353-7534** | **Say Senior Benefits** |

| 167. | 2/10/2023 19:29 | 619-984-5547 | Say Senior Benefits |
| 168. | 2/21/2023 17:14 | 619-353-7535 | Say Senior Benefits |
| 169. | 2/22/2023 21:25 | 619-810-5460 | Say Senior Benefits |
| 170. | 2/27/2023 20:10 | 619-353-7535 | Say Senior Benefits |
| 171. | 2/28/2023 17:06 | 619-810-5463 | Say Senior Benefits |
| 172. | 5/4/2023 16:21 | 719-985-6283 | Say Senior Benefits |
| 173. | 5/4/2023 21:52 | 719-985-6283 | Say Senior Benefits |
| 174. | 5/18/2023 20:39 | 432-314-4064 | Say Senior Benefits |
| 175. | 5/23/2023 21:53 | 619-433-2537 | Say Senior Benefits |
| 176. | 5/24/2023 16:57 | 534-205-0593 | Say Senior Benefits |
| 177. | 5/24/2023 18:24 | 719-985-6283 | Say Senior Benefits |
| 178. | 5/24/2023 18:26 | 719-985-6283 | Say Senior Benefits |
| 179. | 5/24/2023 19:09 | 209-644-6929 | Say Senior Benefits |
| 180. | 5/25/2023 14:44 | 619-463-3522 | Say Senior Benefits |
| 181. | 5/26/2023 14:45 | 619-475-9475 | Say Senior Benefits |
| 182. | 5/26/2023 21:03 | 312-756-8874 | Say Senior Benefits |
| 183. | 5/30/2023 18:18 | 312-756-8874 | Say Senior Benefits |
| 184. | 5/31/2023 19:18 | 312-756-8874 | Say Senior Benefits |
| 185. | 6/1/2023 16:07 | 312-756-8874 | Say Senior Benefits |

| 186. | 6/6/2023 19:55 | 312-756-8874 | Say Senior Benefits |
| 187. | 6/15/2023 16:03 | 719-985-6283 | Say Senior Benefits |
| 188. | 6/16/2023 15:44 | 719-985-6283 | Say Senior Benefits |
| 189. | 7/24/2023 16:09 | 719-982-4393 | Say Senior Benefits |

102.   Defendants sent Plaintiff a series of prerecorded message phone calls that all solicit life insurance for "Senior Benefits."

103.   TABLE D shows the prerecorded phone calls Plaintiff received that came from "Senior Benefits."

TABLE D: Prerecorded Senior Benefits Calls

| Number: | Date-Time(GMT): | Caller ID: | Note: |
| --- | --- | --- | --- |
| 190. | 11/1/2022 15:28 | 619-446-0245 | Prerecorded |
| 191. | 11/1/2022 15:44 | 619-419-0663 | Prerecorded |
| 192. | 11/2/2022 20:18 | 619-429-0480 | Prerecorded |
| 193. | 11/2/2022 20:48 | 619-473-3855 | Prerecorded |
| 194. | 11/2/2022 22:18 | 619-445-0444 | Prerecorded |
| 195. | 11/3/2022 14:14 | 213-561-5246 | Prerecorded |
| 196. | 11/3/2022 21:08 | 619-465-9635 | Prerecorded |
| 197. | 11/3/2022 21:31 | 415-326-2086 | Prerecorded |

| 198. | 11/4/2022 13:34 | 661-520-9509 | Prerecorded |
| 199. | 11/4/2022 14:26 | 213-817-9534 | Prerecorded |
| 200. | 11/5/2022 13:40 | 442-261-0242 | Prerecorded |
| 201. | 11/9/2022 0:04 | 619-495-9194 | Prerecorded |
| 202. | 11/9/2022 14:27 | 213-497-2010 | Prerecorded |
| 203. | 11/10/2022 18:36 | 619-478-1010 | Prerecorded |
| 204. | 11/11/2022 16:42 | 442-261-0633 | Prerecorded |
| 205. | 11/11/2022 18:39 | 619-418-9384 | Prerecorded |
| 206. | 11/11/2022 19:06 | 213-425-0377 | Prerecorded |
| 207. | 11/11/2022 22:33 | 279-227-4853 | Prerecorded |
| 208. | 11/12/2022 15:00 | 424-220-2409 | Prerecorded |
| 209. | 11/12/2022 22:02 | 213-425-0387 | Prerecorded |
| 210. | 11/12/2022 23:09 | 442-273-5677 | Prerecorded |
| 211. | 11/14/2022 16:15 | 323-593-7702 | Prerecorded |
| 212. | 11/14/2022 20:54 | 213-667-4041 | Prerecorded |
| 213. | 11/14/2022 23:07 | 208-276-9904 | Prerecorded |
| 214. | 11/14/2022 23:30 | 240-442-9895 | Prerecorded |
| 215. | 11/15/2022 0:27 | 339-331-8294 | Prerecorded |
| 216. | 11/15/2022 14:42 | 213-425-0419 | Prerecorded |

| | | | |
|---|---|---|---|
| **217.** | **11/16/2022 18:37** | **213-497-2122** | **Prerecorded** |
| **218.** | **11/18/2022 14:39** | **341-214-2801** | **Prerecorded** |
| **219.** | **11/18/2022 15:48** | **323-999-6873** | **Prerecorded** |
| **220.** | **11/18/2022 16:46** | **323-593-7681** | **Prerecorded** |
| **221.** | **11/23/2022 15:16** | **208-266-9004** | **Prerecorded** |
| **222.** | **12/3/2022 18:52** | **539-202-6557** | **Prerecorded** |
| **223.** | **12/3/2022 23:27** | **213-493-2966** | **Prerecorded** |
| **224.** | **5/12/2023 18:40** | **619-488-0272** | **Prerecorded** |
| **225.** | **5/12/2023 21:02** | **619-435-8960** | **Prerecorded** |
| **226.** | **5/15/2023 19:21** | **619-457-0410** | **Prerecorded** |
| **227.** | **5/16/2023 16:10** | **619-447-8886** | **Prerecorded** |
| **228.** | **5/17/2023 16:32** | **619-478-1598** | **Prerecorded** |
| **229.** | **5/17/2023 20:03** | **619-423-8683** | **Prerecorded** |
| **230.** | **5/19/2023 15:30** | **619-475-5296** | **Prerecorded** |
| **231.** | **5/19/2023 20:18** | **267-282-0703** | **Prerecorded** |
| **232.** | **5/22/2023 23:12** | **478-276-5059** | **Prerecorded** |
| **233.** | **5/23/2023 20:31** | **321-895-2472** | **Prerecorded** |
| **234.** | **5/24/2023 15:03** | **619-430-7991** | **Prerecorded** |
| **235.** | **5/24/2023 21:29** | **209-644-7015** | **Prerecorded** |

| 236. | 5/25/2023 19:18 | 619-492-4458 | Prerecorded |
|------|-----------------|--------------|-------------|
| 237. | 5/26/2023 16:01 | 619-426-5033 | Prerecorded |
| 238. | 5/26/2023 19:17 | 619-422-6400 | Prerecorded |
| 239. | 5/26/2023 20:53 | 619-488-2499 | Prerecorded |

104.   Defendants purchased and used blocks of phone numbers with sequential or nearly sequential prefix numbers to call Plaintiff.

105.   Plaintiff answered a series of phone calls from Defendant using phone numbers beginning 619-810. These phone numbers included 619-810-5455, 619-810-5458, 619-810-5460, and 619-810-5463.

106.   Through information and belief, Defendants purchased a group of numbers beginning 619-810 and also called Plaintiff from the number listed in Table E.

107.   Table E is a list of numbers beginning 619-810 used by Defendants to call Plaintiff. Each of the calls solicited life insurance.

TABLE E

| Number: | Date-Time(GMT): | Caller ID: | Note: |
|---------|-----------------|------------|-------|
| 240. | 12/8/2022 3:29 | 619-810-5447 | Number block used to call Plaintiff |
| 241. | 12/13/2022 19:35 | 619-810-5464 | Number block used to call Plaintiff |
| 242. | 12/13/2022 22:47 | 619-810-5456 | Number block used to call Plaintiff |
| 243. | 12/14/2022 17:29 | 619-810-5461 | Number block used to call Plaintiff |

| 244. | 12/14/2022 19:05 | 619-810-5464 | Number block used to call Plaintiff |
| 245. | 12/16/2022 19:22 | 619-810-5466 | Number block used to call Plaintiff |
| 246. | 12/20/2022 17:09 | 619-810-5464 | Number block used to call Plaintiff |
| 247. | 12/21/2022 20:39 | 619-810-5453 | Number block used to call Plaintiff |
| 248. | 12/22/2022 22:19 | 619-810-5464 | Number block used to call Plaintiff |
| 249. | 1/2/2023 17:17 | 619-810-5466 | Number block used to call Plaintiff |
| 250. | 1/4/2023 17:44 | 619-810-5453 | Number block used to call Plaintiff |
| 251. | 1/5/2023 17:25 | 619-810-5452 | Number block used to call Plaintiff |
| 252. | 1/5/2023 22:47 | 619-810-5466 | Number block used to call Plaintiff |
| 253. | 1/6/2023 18:47 | 619-810-5452 | Number block used to call Plaintiff |
| 254. | 1/9/2023 17:41 | 619-810-5447 | Number block used to call Plaintiff |
| 255. | 1/10/2023 18:54 | 619-810-5449 | Number block used to call Plaintiff |
| 256. | 1/11/2023 17:01 | 619-810-5448 | Number block used to call Plaintiff |
| 257. | 1/11/2023 22:28 | 619-810-5453 | Number block used to call Plaintiff |
| 258. | 1/13/2023 21:26 | 619-810-5445 | Number block used to call Plaintiff |
| 259. | 1/16/2023 17:17 | 619-810-5457 | Number block used to call Plaintiff |
| 260. | 1/17/2023 20:39 | 619-810-5447 | Number block used to call Plaintiff |
| 261. | 1/17/2023 22:14 | 619-810-5457 | Number block used to call Plaintiff |
| 262. | 1/18/2023 19:14 | 619-810-5453 | Number block used to call Plaintiff |

| 263. | 1/18/2023 21:14 | 619-810-5447 | Number block used to call Plaintiff |
|---|---|---|---|
| 264. | 1/19/2023 17:13 | 619-810-5456 | Number block used to call Plaintiff |
| 265. | 1/20/2023 17:29 | 619-810-5457 | Number block used to call Plaintiff |
| 266. | 1/20/2023 19:23 | 619-810-5464 | Number block used to call Plaintiff |
| 267. | 1/20/2023 21:01 | 619-810-5447 | Number block used to call Plaintiff |
| 268. | 1/23/2023 20:00 | 619-810-5447 | Number block used to call Plaintiff |
| 269. | 1/24/2023 17:16 | 619-810-5449 | Number block used to call Plaintiff |
| 270. | 1/24/2023 18:57 | 619-810-5461 | Number block used to call Plaintiff |
| 271. | 1/24/2023 22:53 | 619-810-5446 | Number block used to call Plaintiff |
| 272. | 1/25/2023 19:04 | 619-810-5453 | Number block used to call Plaintiff |
| 273. | 1/26/2023 20:25 | 619-810-5445 | Number block used to call Plaintiff |
| 274. | 1/27/2023 20:55 | 619-810-5456 | Number block used to call Plaintiff |
| 275. | 1/30/2023 21:26 | 619-810-5449 | Number block used to call Plaintiff |
| 276. | 1/31/2023 21:06 | 619-810-5446 | Number block used to call Plaintiff |
| 277. | 1/31/2023 22:37 | 619-810-5447 | Number block used to call Plaintiff |
| 278. | 2/2/2023 18:43 | 619-810-5445 | Number block used to call Plaintiff |
| 279. | 2/3/2023 17:15 | 619-810-5464 | Number block used to call Plaintiff |
| 280. | 2/3/2023 20:04 | 619-810-5448 | Number block used to call Plaintiff |
| 281. | 2/6/2023 17:05 | 619-810-5453 | Number block used to call Plaintiff |

| 282. | 2/7/2023 17:58 | 619-810-5464 | Number block used to call Plaintiff |
|------|----------------|--------------|-------------------------------------|
| 283. | 2/9/2023 17:26 | 619-810-5445 | Number block used to call Plaintiff |
| 284. | 2/10/2023 17:03 | 619-810-5452 | Number block used to call Plaintiff |
| 285. | 2/10/2023 21:45 | 619-810-5456 | Number block used to call Plaintiff |
| 286. | 2/13/2023 22:05 | 619-810-5466 | Number block used to call Plaintiff |
| 287. | 2/14/2023 17:08 | 619-810-5453 | Number block used to call Plaintiff |
| 288. | 2/14/2023 20:43 | 619-810-5457 | Number block used to call Plaintiff |
| 289. | 2/14/2023 22:49 | 619-810-5445 | Number block used to call Plaintiff |
| 290. | 2/15/2023 19:25 | 619-810-5452 | Number block used to call Plaintiff |
| 291. | 2/15/2023 21:45 | 619-810-5448 | Number block used to call Plaintiff |
| 292. | 2/16/2023 17:55 | 619-810-5448 | Number block used to call Plaintiff |
| 293. | 2/16/2023 20:30 | 619-810-5452 | Number block used to call Plaintiff |
| 294. | 2/20/2023 21:24 | 619-810-5452 | Number block used to call Plaintiff |
| 295. | 2/22/2023 17:45 | 619-810-5453 | Number block used to call Plaintiff |
| 296. | 2/23/2023 22:48 | 619-810-5464 | Number block used to call Plaintiff |
| 297. | 2/27/2023 21:45 | 619-810-5457 | Number block used to call Plaintiff |
| 298. | 2/28/2023 19:10 | 619-810-5457 | Number block used to call Plaintiff |

108.   Plaintiff answered a series of phone calls from Defendant asking for Elston using phone numbers beginning 619-455. These phone numbers included 619-455-1200, 619-455-1230, and 619-455-1235.

109.   Through information and belief, Defendants purchased a group of numbers beginning 619-455 and called Plaintiff from the number listed in Table F.

110.   Table F lists numbers beginning 619-455 used by Defendants to call Plaintiff. Each of the calls solicited life insurance.

TABLE F

| Number: | Date-Time(GMT): | Caller ID: | Note: |
|---|---|---|---|
| 299. | 11/1/2022 19:19 | 619-455-8958 | Number block used to call Plaintiff |
| 300. | 11/2/2022 17:42 | 619-455-9403 | Number block used to call Plaintiff |
| 301. | 11/14/2022 15:20 | 619-455-1255 | Number block used to call Plaintiff |
| 302. | 11/23/2022 18:22 | 619-455-5541 | Number block used to call Plaintiff |
| 303. | 11/26/2022 17:01 | 619-455-1255 | Number block used to call Plaintiff |
| 304. | 11/29/2022 1:47 | 619-455-9359 | Number block used to call Plaintiff |
| 305. | 11/30/2022 14:20 | 619-455-1266 | Number block used to call Plaintiff |
| 306. | 11/30/2022 23:37 | 619-455-7421 | Number block used to call Plaintiff |
| 307. | 12/1/2022 19:21 | 619-455-1255 | Number block used to call Plaintiff |
| 308. | 12/2/2022 15:12 | 619-455-1255 | Number block used to call Plaintiff |

| 309. | 12/5/2022 16:04 | 619-455-9935 | Number block used to call Plaintiff |
|------|-----------------|--------------|-------------------------------------|
| 310. | 12/7/2022 21:54 | 619-455-2525 | Number block used to call Plaintiff |
| 311. | 12/8/2022 18:32 | 619-455-1288 | Number block used to call Plaintiff |
| 312. | 12/21/2022 20:11 | 619-455-1858 | Number block used to call Plaintiff |
| 313. | 12/22/2022 19:00 | 619-455-1211 | Number block used to call Plaintiff |
| 314. | 12/29/2022 21:52 | 619-455-3858 | Number block used to call Plaintiff |
| 315. | 12/29/2022 21:53 | 619-455-4954 | Number block used to call Plaintiff |
| 316. | 1/3/2023 0:01 | 619-455-5701 | Number block used to call Plaintiff |
| 317. | 1/9/2023 22:10 | 619-455-4013 | Number block used to call Plaintiff |
| 318. | 1/11/2023 17:09 | 619-455-1301 | Number block used to call Plaintiff |
| 319. | 2/3/2023 22:59 | 619-455-5510 | Number block used to call Plaintiff |
| 320. | 2/11/2023 15:17 | 619-455-4326 | Number block used to call Plaintiff |
| 321. | 2/13/2023 14:18 | 619-455-1512 | Number block used to call Plaintiff |
| 322. | 2/18/2023 20:35 | 619-455-8716 | Number block used to call Plaintiff |
| 323. | 2/22/2023 19:38 | 619-455-6644 | Number block used to call Plaintiff |
| 324. | 2/23/2023 0:55 | 619-455-2865 | Number block used to call Plaintiff |
| 325. | 2/23/2023 20:27 | 619-455-4917 | Number block used to call Plaintiff |
| 326. | 2/23/2023 22:30 | 619-455-1137 | Number block used to call Plaintiff |
| 327. | 2/24/2023 17:37 | 619-455-5495 | Number block used to call Plaintiff |

| 328. | 2/25/2023 0:29 | 619-455-1968 | Number block used to call Plaintiff |
| 329. | 2/28/2023 19:58 | 619-455-7348 | Number block used to call Plaintiff |
| 330. | 2/28/2023 21:38 | 619-455-4434 | Number block used to call Plaintiff |
| 331. | 2/28/2023 23:31 | 619-455-3406 | Number block used to call Plaintiff |
| 332. | 4/14/2023 18:59 | 619-455-1400 | Number block used to call Plaintiff |
| 333. | 6/26/2023 22:49 | 619-455-9536 | Number block used to call Plaintiff |
| 334. | 7/18/2023 20:48 | 619-455-3974 | Number block used to call Plaintiff |
| 335. | 8/25/2023 16:32 | 619-455-1633 | Number block used to call Plaintiff |
| 336. | 11/1/2023 13:35 | 619-455-8553 | Number block used to call Plaintiff |

111. Each of the phone calls described in this Complaint, and in Tables A - F of this Complaint either asked for Elston Tatum, or identified themselves as being from ISM, or identified themselves as being from Senior Benefits, before soliciting Plaintiff for life insurance.

112. Plaintiff has received at least 336 solicitation phone calls from Defendants.

113. Plaintiff had every reason to believe his DNC requests were applied to Insurance Supermarket because the ISM and EDM contract explicitly says EDM is to share its DNC list with ISM. Exhibit A.

114. All calls are an attempt to sell Plaintiff a new life insurance policy.

115.   Mr. Charman has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

## VICARIOUS LIABILITY OF DEFENDANT INSURANCE SUPERMARKET

**Actual Authority**

116.   Actual authority exists when (1) a principal/agent relationship exists, (2) the principal controlled or had the right to control the alleged agent's conduct, and (3) the alleged conduct fell within the scope of the agency.  See Spitz v. Proven Winners N. Am., LLC, 759 F.ed 724, 732 (7th Cir. 2014) (interpreting Illinois law, which like federal common law, accords with the Restatement of *Agency, Opp v. Wheaton Van Lines, Inc*., 231 F.3d 1060, 1064 (7th Cir. 2010)); see also *Warciak v. Subway Rests., Inc*., 949 F.3d 354, 357 (7th Cir. 2020) ("Express authority exists when a principal expressly authorizes an agent and the agent acts on the principal's behalf and subject to the principal's control.").

117.   An agency relationship was created when Insurance Supermarket hired EDM, who acted as Insurance Supermarket's agent when they initiated calls to Plaintiff's cell phone.

118.  Insurance  Supermarket  entered  into  a  Master  Services  Agreement

("MSA") with EDM Leads on January 22, 2022, governing the telemarketing relationship between ISM and EDM. Exhibit A ("MSA").

119.   The MSA uses the term "ISI" to refer to Insurance Supermarket Inc. Any references to ISI mean Insurance Supermarket Inc.

120.   The MSA defines "ISI Data" as "all information, data, and other content, in form or medium, that is submitted, posted, or otherwise transmitted by or on behalf of ISI, including but not limited to scripts…or other such advertisements to Service Provider. ISM Contract 1.e.

121.   The MSA established EDM Leads LLC as the "Service Provider," ISM Contract pg. 1.

122.    The MSA defines the Services to be delivered by EDM as, "the services and/or goods described in the IO(s) potentially including, but not limited to: a) direct to consumer email traffic, b) Short Message Service ("SMS") texting, c)direct to consumer calls." ISM Contract 1.i.

123.   The MSA defines a vendor as "any vendor, sub-vendor, sub-affiliate or subcontractor of Service Provider

124.   The MSA makes ISM liable for the actions of EDM. The MSA states:

> "ISI is responsible and liable for all uses of the Services, Leads, and Deliverables resulting from access by provided by ISI, directly or indirectly, whether such access or use is permitted by or in violation of this Agreement. Without limiting the generality of the foregoing, each Party is responsible for all acts and omissions of its authorized users, and any act or omission by an authorized user." MSA 3.1.c.

125.   The MSA gave ISM oversight of EDM for TCPA compliance. The MSA states:

> "Service Provider (EDM) agrees to provide ISI constant access to Service Provider's database of consumers and consumer information (including, but not limited to, full name, telephone number, and email address) who have informed Service Provider that they no longer wish to be contacted by or on behalf of Service Provider including, but not limited to, opt-outs, aggregations of consumer opt-outs, Federal Trade Commission's Do-Not-Call List consumers, do-not-email lists, Service Provider's internal Do-Not-Call list, and any other such information ("DNC List") and to separately provide such DNC List to ISI prior to the start of any each Insertion Order. Service Provider shall maintain and keep updated the DNC List on a daily basis and notify ISI of any updates to such DNC List. Service Provider, without limitation, represents and warrants that the information contained in the DNC List is accurate, up to date, and can be relied upon by ISI in performance of the Services. Further, Service Provider shall individually inform ISI of and when Service Provider receives such additions to its DNC List." MSA 3.2.f.

126.   ISI has all of the calls made to Plaintiff pursuant to the MSA. "The amount and duration of calls shall be measured and reported by Service Provider. Service Provider agrees that it will transfer the information to ISI's thirty-party system known as Retreaver…to allow ISI to review the reported information on a regular basis." MSA 3.2.h

127.   Insurance Supermarket's agreement with EDM gave them explicit authority to supervise, monitor, and control the actions of EDM.

**THE SELLERS SHOULD BE HELD LIABLE TO UPHOLD THE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DETERRENT EFFECT AND PURPOSE OF THE TCPA

128.   As the court ruled in Jackson v Caribbean Cruise Line, Inc., the defendant sellers should be held liable for their violations of the TCPA. Courts have looked at the purpose of the TCPA and found that not holding the sellers liable through vicarious liability would undermine the purpose of the TCPA.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS

129.   Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

130.   Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

131.   Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

132.   Defendants' calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

133.   The Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, more frequent cell phone charging, and reduced enjoyment of Plaintiff's cell phone.

## COUNT ONE:

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and**

**47 C.F.R. § 64.1200(C))**

**(Against All ("Defendants"))**

133.   Plaintiff re-alleges and re-adopts paragraphs 1 through 58 of the Complaint as if fully set forth herein.

134.   The foregoing acts and omissions of ("Defendants") and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

135.   Plaintiff is entitled to an award of at least $500 in damages for each such violation 47 U.S.C. § 227(c)(5)(B).

136.   Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F)

**COUNT TWO :**

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A)(iii))**

**(Against All Defendants)**

137.   Plaintiff re-alleges and re-adopts paragraphs 1 through 58 of the Complaint as if fully set forth herein.

138.   Defendants placed, or had placed on their behalf, at least fifty (50) prerecorded telemarketing telephone calls to Plaintiff's cellular telephone number without prior express written consent.

139.    Defendants has therefore violated 47 U.S.C. § 227(b).

140.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

141.    Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the defendants jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial.

B.    An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for 336 calls.

C.    An award of $1500 per call in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for 50 calls

C.    An award to Mr. Charman of damages, as allowed by law under the TCPA.

D.    An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

E.      Such further relief as the Court deems necessary, just, and proper.

DEMAND FOR JURY TRIAL


Dated: July 2, 2024,              Respectfully submitted,



By:  /S/ Thane Charman


Thane Charman

2270 Boundary St

San Diego, CA 92104

Telephone: 800-673-4384

Email: OBEY.TCPA@GMAIL.COM


THANE CHARMAN

Plaintiff, Pro Se