TROUTMAN AMIN, LLP
Eric J. Troutman (State Bar # 229263)
Puja J. Amin (State Bar # 299547)
Brittany A. Andres (State Bar # 340856)
400 Spectrum Center Dr. Ste. 1550
Irvine, California 92618
Telephone: 949-350-3663
Facsimile: 949-203-8689
troutman@troutmanamin.com
amin@troutmanamin.com
brittany@troutmanamin.com

*Attorneys for Insurance Supermarket, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN, individual,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE SUPERMARKET, INC. a Delaware Incorporation,<br><br>Defendant. | Case No. 3:23-cv-01505-WQH-DEB<br><br>**DEFENDANT INSURANCE SUPERMARKET, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: William Q. Hayes<br><br>Time: 9:30 AM<br>Date:            , 2024<br>Action filed: May 8, 2023<br><br>**ORAL ARGUMENT REQUESTED** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2024, at 9:30 a.m., or at such other date and time set by and before Honorable William Q. Hayes, Defendant Insurance Supermarket, Inc. ("ISI") will and hereby does, move for summary judgment (the "Motion") against Plaintiff Thane Charman's ("Plaintiff"), pursuant to

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

1

Federal Rule of Civil Procedure 56. ISI brings this Motion on the ground that Plaintiff cannot establish vicarious liability against ISI for the alleged violations under the Telephone Consumer Protection Act ("TCPA").

This Motion is based upon this Notice of Motion and Motion, the attached memorandum of Points and Authorities, the supporting Declarations and Exhibits, all the pleadings, and the records on file herein, and on any oral argument or evidence that may be presented at the hearing on this Motion.

Dated: September 13, 2024        TROUTMAN AMIN, LLP

By:/s/*Brittany A. Andres*
Brittany A. Andres

*Attorneys for Insurance Supermarket, Inc.*

**TROUTMAN AMIN, LLP**
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

**Table of Contents**

TABLE OF AUTHORITIES ................................................................................ 4

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 6

I.   INTRODUCTION ................................................................................ 6

II.  LEGAL STANDARD ......................................................................... 7

III. ARGUMENT—ISI DID NOT ACT  IN A MANNER THAT WOULD ENABLE A FINDING OF ANY FORM OF AGENCY, CONTROL OR RATIFICATION. .................................................................. 8

   A.   ISI Did Not Grant Actual Authority Or Exercise Discretion Or Control Over EDM's Illegal Calls. ................................................... 10

   B.   ISI Is Not Liable Under Apparent Authority Because It Did Not Hold EDM Out To Any Third Party As Being An Authorized Agent. ..................................................................................... 15

   C.   ISI Could Not Have Ratified Acts of EDM Because It Had No Knowledge Of The Illegal Conduct And Did Not Benefit From Them. ...................................................................................... 18

IV.  CONCLUSION ................................................................................. 21

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

## Table of Authorities

**Cases**

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-cv-03315-PJH,
2018 U.S. Dist. LEXIS 2414 (N.D. Cal. Jan. 4, 2018) ...................................... 14

*Addisu v. Fred Meyer*,
198 F.3d 1130 (9th Cir. 2000) ....................................................................... 7

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ...................................................................................... 7

*Baird v. Sabre Inc.*,
995 F. Supp. 2d 1100 (C.D. Cal. 2014) .................................................... 8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ............................................................................. 7, 14

*Ewing v. Encor Solar, LLC*, No. 18-CV-2247-CAB-MDD,
2019 WL 277386 (S.D. Cal. Jan. 22, 2019) ........................................ 8-9

*Grant v. Nat'l Football League Players Ass'n*,
566 F. App'x 569 (9th Cir. 2014) ............................................................ 9

*Hodgin v. UTC Fire & Sec. Ams. Corp.*,
885 F.3d 243 (4th Cir. 2018) ........................................................... 19, 20

*In re Dish Network, LLC*,
28 F.C.C. Rcd. 6574 (2012) ........................................................ 8, 9, 16

*Jackson v. Caribbean Cruise Line, Inc.*,
88 F. Supp. 3d 129 (E.D.N.Y. 2015) ...................................... 13-14

*Jones v. Royal Admin. Servs., Inc.*,
887 F.3d 443 (9th Cir. 2018) ................................ 10, 11, 12, 13

*Kristensen v. Credit Payment Servs. Inc.*,
879 F.3d 1010 (9th Cir. 2018) ........................... 11, 17, 19, 20

*Leon v. Caterpillar Indus., Inc.*,
69 F.3d 1326 (7th Cir.1995) ............................................... 16

*Makaron v. GE Sec. Mfg., Inc.*, No. CV-14-1274-GW AGRX,
2015 WL 3526253 (C.D. Cal. May 18, 2015) .............................. 16

*NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*,

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

124 F.3d 1094 (9th Cir. 1997) ....................................................... 11, 16

*Salyers v. Metro. Life Ins. Co.*,
871 F.3d 934 (9th Cir. 2017) ....................................................... 11

*Thomas v. Taco Bell Corp.*,
879 F. Supp. 2d 1079 (C.D. Cal. 2012) ..................................... 10, 11, 14, 15, 19

*Walker v. Pac. Pride Servs., Inc.*,
341 F. App'x 350 (9th Cir. 2009) ............................................... 9

*Wickham v. Southland Corp.*,
168 Cal.App.3d 49, 213 Cal.Rptr. 825 (1985) ......................... 9

*Williams v. PillPack LLC, No. 3:19-CV-05282-DGE,*
2022 WL 17416263 (W.D. Wash. Dec. 5, 2022) ..................... 12

*Winters v. Grand Caribbean Cruises Inc., No. CV-20-00168-PHX-DWL,*
2021 WL 511217 (D. Ariz. Feb. 11, 2021) ............................... 16

**Statutes**

Federal Rule of Civil Procedure 56 ............................................ 2, 7, 8

*Restatement (Third) of Agency*
§ 2.03. App ................................................................................. 15, 20

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This TCPA case arises solely out of calls Plaintiff alleges were placed by EDM Leads, LLC ("EDM"), who is contractually affiliated with Defendant Insurance Supermarket, Inc. ("ISI"). Plaintiff does not allege that ISI itself placed the calls. ISI did not. Instead, Plaintiff incorrectly asserts that ISI is liable for calls placed by EDM, which, under the TCPA, requires proof of common law agency. But simply having a contractual relationship with EDM does not make ISI liable for EDM's calls, and the evidence is clear that ISI did not otherwise maintain authority or control over the conduct of EDM. *See* Exhibit 1; *see generally* Statement of Material Facts.

The contract did not provide ISI the authority to direct or supervise EDM's calling practices. *Id*.

Moreover, Plaintiff can present no evidence that ISI knowingly accepted any benefit derived from calls that it **knew** violated the Telephone Consumer Protection Act ("TCPA"). Without proof that ISI had knowledge of or ratified EDM's actions, Plaintiff cannot establish vicarious liability through ratification.

Unsurprisingly, and consistent with the lack of control, ISI first learned of the alleged illegal calls placed by EDM from Plaintiff. Prior to this suit, it had no notice that EDM was placing calls in a manner that allegedly violated the TCPA, nor was it permitted to do so. Because ISI lacks meaningful authority to control the

telemarketing efforts taken by EDM, Plaintiff's vicarious liability fails as a matter of law, and ISI is entitled to summary judgment.

## II.      **LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party may meet this burden by identifying the "portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that show an absence of dispute regarding a material fact. *Id*. at 325. Once the moving party has met its initial burden, the nonmoving party must go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.; Anderson*, 477 U.S. at 248.

A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). Only genuine disputes over facts that might affect the outcome of the suit under the governing law — i.e., "where the evidence is such that a reasonable jury could return a verdict for the nonmoving party"—will preclude entry of summary judgment. *Anderson*, 477 U.S. at 248.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

"Federal Rule of Civil Procedure 56 requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Baird v. Sabre Inc.,* 995 F. Supp. 2d 1100, 1101 (C.D. Cal. 2014), aff'd, 636 F. App'x 715 (9th Cir. 2016) (citing Fed. R. Civ. P. 56(a)).

III.   **ARGUMENT—ISI DID NOT ACT  IN A MANNER THAT WOULD ENABLE A FINDING OF ANY FORM OF AGENCY, CONTROL OR RATIFICATION.**

The FCC addressed vicarious liability under the TCPA in *In re Dish Network*, 28 FCC Rec'd 6574, 2013 FCC LEXIS 2057 (2013) ("FCC Order"). The precise question the FCC analyzed was whether a "seller" is liable for telemarketing calls "made by the seller's third-party retailers." *Id.* ¶ 11. The FCC first held that a seller is not directly liable for a call placed by a third-party marketing company because it does not "initiate" a call. *Id.* ¶¶ 25-27. Next, the FCC held that a seller can be vicariously liable for such a call "under federal common law principals of agency." *Id.* ¶ 28. Vicarious liability, the FCC held, "include[s] not only formal agency, but also principles of apparent authority and ratification." *Id.*

Thus, in order to be liable for a violation of the TCPA "the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Ewing v. Encor Solar, LLC*, No. 18-CV-2247-CAB-MDD, 2019 WL 277386, at *6 (S.D. Cal. Jan. 22, 2019) (citing *Gomez v. Campbell-Ewald, Co.*, 768

F.3d 871, 877-79 (9th Cir. 2014)). Here, it is undisputed that ISI did not directly make the calls at issue. *See* Statement of Material Facts ¶ 7. Therefore, Plaintiff must show that ISI is liable under a common law vicarious liability theory: actual authority, apparent authority, or ratification. *In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6586-87 (2012).

The existence of an agency relationship may be resolved on summary judgment when the essential facts are not in conflict and the evidence is susceptible to a single inference. *Grant v. Nat'l Football League Players Ass'n*, 566 F. App'x 569, 570 (9th Cir. 2014) The agency determination can be made as a matter of law when the essential facts are not in conflict. *Wickham v. Southland Corp.,* 168 Cal.App.3d 49, 55, 213 Cal.Rptr. 825 (1985) as cited in *Walker v. Pac. Pride Servs., Inc.*, 341 F. App'x 350, 351 (9th Cir. 2009). Based upon the Master Service Agreement ("Contract") between ISI and EDM and the sworn statement of ISI's Vice President of Privacy and Compliance, Sidney Rua, it is clear that no agency relationship existed.

Here, Plaintiff cannot meet the threshold for vicarious liability under any of the applicable theories—actual authority, apparent authority, or ratification. ISI's contract with EDM, which clearly designates EDM as an independent contractor with full control over its own telemarketing practices, negates any claim that ISI directed or controlled the conduct at issue. *See* Exhibit 1, Section 6. Furthermore, there is no evidence that ISI knowingly accepted any benefit from the allegedly unlawful calls

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

or ratified EDM's actions after becoming aware of them.

Plaintiff's attempt to impose liability on ISI for EDM's independent actions fails as a matter of law. ISI neither directed the calls nor exercised any control over how EDM conducted its business. Declaration of Sidney Rua ("Decl. of Rua") at ¶¶ 6, 9-10. As such, no reasonable juror could find ISI liable under a vicarious liability theory. ISI is entitled to summary judgment, as there is no genuine dispute of material fact that could support a finding of liability.

**A.      ISI Did Not Grant Actual Authority Or Exercise Discretion Or Control Over EDM's Illegal Calls.**

Actual authority–which the FCC terms "classical agency"–requires a "fiduciary relationship" under which a principal affirmatively assents to an agent acting on behalf of the principal.  FCC Order at ¶ 31. In the context of the TCPA, this requires "actual authority to place the unlawful calls." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018). Indeed, it requires more than "passive permission" to engage in particular calling activity. *See Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014) (vicarious liability rules mean more than passive permission by national franchisor, granting summary judgment to defendant where it did not direct or supervise the manner and means of message, or send the message). An agent must have authority to act on behalf of the principal and the person represented must have a right to control the actions of the agent. *Jones*, 887 F.3d at 449. Actual authority is limited to

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

actions ''specifically mentioned to be done in a written or oral communication'' or ''consistent with'' a principal's ''general statement of what the agent is supposed to do.'' *Salyers v. Metro. Life Ins. Co.,* 871 F.3d 934, 940 (9th Cir. 2017) (quoting *NLRB v. Dist. Council of Iron Workers of the State of Cal. and Vicinity*, 124 F.3d 1094, 1098 (9th Cir. 1997)); *see also Jones,* 887 F.3d at 449. Although the existence of an agency relationship is generally a question of fact, a court may grant judgment to a party on the issue where no reasonable juror could find an agency relationship exists. *Thomas*, 879 F. Supp. 2d at 1083. Thus, multiple courts have held that defendants that exerted far more control over calling activities than ISI were not vicariously liable for calls placed by alleged agents. *See Jones*, 887 F.3d at 453; *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014-15 (9th Cir. 2018).

The Ninth Circuit's opinion in *Jones* is particularly instructive and demonstrates the extent to which an alleged principal must have the ability to control the "manner and means" of an agent's actions. *See Jones*, 887 F.3d at 453 ("Finally, although Royal *had some control over AAAP's telemarketers*, *it did not specifically control the calls at issue in this case*, because the telemarketers never attempted to sell a Royal VSC during those calls. Because AAAP's telemarketers were not subject to the requisite level of control, Jones and Watson cannot establish vicarious liability under a 'manner and means' control theory.") (emphasis added). The Ninth Circuit assumed that the callers were agents of the defendant and "acknowledge[d] that [defendant] exercised some amount of control over" the callers. *Id.* at 449-51.

11

Specifically, the alleged principal only allowed the caller to use "scripts and materials" approved by the principal, required the caller to follow "laws and regulations," and required the caller to implement specific security measures, maintain weekly reports, and collect money on behalf of the principal. *Id.* at 451. But even though the caller was an agent of the defendant, and the defendant exercised control over the caller, the Ninth Circuit affirmed that the defendant was not vicariously liable because "it did not specifically control the calls at issue in th[at] case." *Id.* at 453. In particular, the court found it significant that the alleged principal "did not have the right to control the hours the telemarketers worked nor did it set quotas for the number of calls or sales the telemarketers had to make." *Id.* at 451.

Like the defendant in *Jones*, ISI does not have the right to control EDM's telemarketing calls and did not have control over the unlawful calls placed by EDM. *Williams v. PillPack LLC*, No. 3:19-CV-05282-DGE, 2022 WL 17416263 (W.D. Wash. Dec. 5, 2022) (To establish actual authority under the TCPA, plaintiffs must not only establish an agency relationship, "[t]hey ***must also establish actual authority to place the unlawful calls***.") (citing *Jones v. Royal Admin. Servs., Inc.,* 887 F.3d 443, 449 (9th Cir. 2018)) (emphasis added). To the contrary, the Contract specifically provides that EDM "represents and warrants that it will comply with all applicable laws." Exhibit 1, Section 3.2. In other words, this provision clearly disclaims any authorization or permission from ISI for unlawful conduct. In fact, the Contract even expressly requires that consent be obtained from "any and all

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

customers sold to ISI prior to ISI's initial contact with the customer." *Id*. It places the responsibility squarely on EDM to ensure that its telemarketing practices adhere to legal requirements, including the TCPA. *Id*. ISI's role was limited to receiving leads generated by EDM, not overseeing or directing EDM's telemarketing activities. *See* Decl. of Rua at ¶¶ 10, 13. Thus, at most, ISI "had only limited control of" EDM's calling activity. *Jones*, 887 F.3d at 451.

ISI exercises far less control over EDM than the defendants in *Jones* and other cases cited above exercised. Under Section 6 of the contract—**Independent Contractor**—EDM is merely an independent contractor. Exhibit 1, Section 6. This language decisively establishes that EDM was not acting as ISI's agent, but rather as an independent entity. *Id*. ISI had no control over EDM's day-to-day operations nor the right to exercise control over the alleged outbound calls. *Id*.; *see also* Decl. of Rua at ¶ 10. And as a factual matter ISI did not exercise such control. *Id.* Instead, the decisions of whether to engage in illegal outbound telemarketing campaigns, the manner in which to do so, and the manner in which to comply with applicable laws, are left entirely to the discretion and control of EDM. *Id*. at ¶¶ 4, 6-7, 9, 10, 14. ISI thus does not have any right to control the conduct, manner, or means of outbound telemarketing activities of EDM and is therefore entitled to summary judgment. *Jackson v. Caribbean Cruise Line, Inc*., 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (citing *Gomez v. Campbell–Ewald Co*., 768 F.3d 871, 877 (9th Cir. 2014), aff'd but criticized, 577 U.S. 153, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016), as revised (Feb.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

9, 2016)) (A court may only hold a party vicariously liable for TCPA violations of third-party callers "where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller.").

Further, even if ISI had some theoretical ability to exercise some degree of control, nothing in the record indicates that ISI in fact exercised control over the calls "at issue in this case." *Jones*, 887 F.3d at 453. Indeed, ISI did not even know of the alleged calls' existence, other than the single call transferred to ISI, until Plaintiff filed suit. Decl. of Rua at ¶ 7. Because ISI had no oversight or control over the calls actually at issue, Plaintiff cannot create a material issue of fact under either actual authority or a "means and manner" theory of vicarious liability. *See Thomas*, 879 F. Supp. 2d at 1085-86 (granting summary judgment and holding that "knowledge, approval, and fund administration do not amount to controlling the manner and means of the text message campaign."); *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-cv-03315-PJH, 2018 U.S. Dist. LEXIS 2414, at *11-13 (N.D. Cal. Jan. 4, 2018) (granting a motion to dismiss because the complaint failed to plausibly allege "facts showing that defendant had the right to control the representatives and the manner and the means of the calls they made.").

Importantly, Plaintiff has the burden of introducing sufficient evidence to sustain a jury finding on the issue of control. *Celotex,* 477 U.S. at 327 ("When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or

denials of his pleadings, but must present sufficient probative evidence to establish a genuine issue of material fact."). In light of the undisputed facts in this case, he will be unable to do so.

**B.    ISI Is Not Liable Under Apparent Authority Because It Did Not Hold EDM Out To Any Third Party As Being An Authorized Agent.**

"Apparent authority is the power held by an agent . . . to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03. Apparent authority requires "proof of something said or done by the alleged principal, on which the plaintiff reasonably relied." *Thomas*, 582 F. App'x. at 679. The FCC has identified the following factors that could give rise to apparent agency:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

FCC Order at ¶ 44.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

Nothing in the record here indicates ISI itself took any action that would create a reasonable belief in the eyes of Plaintiff that EDM was acting on the authority of ISI *in connection with the calls at issue*. As an initial matter, none of the factors identified in FCC's *In re Dish Network* guidance is present here. Plaintiff alleges that some of the alleged calls referred to ISI on the calls. ECF No. 47 at ¶ 12. That factor, however, cannot create vicarious liability where other factors are not present. To establish apparent authority, Plaintiff must point to actions or statements made by ISI itself. *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997) (Apparent authority "cannot be established merely by showing that [the alleged agent] claimed authority or purported to exercise it."); *Leon v. Caterpillar Indus., Inc.,* 69 F.3d 1326, 1336 (7th Cir.1995)(Mere use of name and trademark does not render a telemarketer an agent of the seller.); *Makaron v. GE Sec. Mfg., Inc.*, No. CV-14-1274-GW AGRX, 2015 WL 3526253, at *9 (C.D. Cal. May 18, 2015)(Just because an entity sells a particular brand of products does not mean that that entity has *apparent authority* to speak or act for that brand.); *Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 WL 511217, at *6 (D. Ariz. Feb. 11, 2021)(An assertion that some callers identified themselves as representatives of the defendant does not by itself establish control.).

None of those facts are present here. *See generally* Decl. of Rua. ISI has no say in the creation of any call scripts, does not review or approve any call scripts, and EDM does not disclose their call lists with ISI. Decl. of Rua at ¶¶ 22-23.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

Further, nothing in the limited contractual relationship between ISI and EDM suggests that they had apparent authority to place the calls that allegedly violated the TCPA. *See generally* Exhibit 1. ISI did not, and does not, write, review, or approve any scripts EDM uses when placing outbound marketing calls. Decl. of Rua at ¶ 22. Given the complete absence of any monitoring or knowledge of EDM's calling activity (other than the minimal amount gained in this case), ISI would have no knowledge that EDM violated the TCPA (which would also be a violation of the Contract). Decl. of Rua at ¶¶ 10, 14; Exhibit 1, Section 3.2 (requiring the EDM comply with all applicable laws). Without such knowledge, ISI cannot be said to have authorized or approve of the conduct, either on an actual or apparently authority basis. *See Kristensen*, 879 F.3d at 1015. And, in fact, the Contract specifically prevents EDM from violating applicable law, which clearly includes the TCPA. Exhibit 1, Section 3.2. Thus, to the extent that the alleged calls violate federal law, the contract between ISI and EDM expressly prohibits them. *Id*.

Moreover, the contract between ISI and EDM express provides that EDM is an independent contractor—meaning there cannot be any control by ISI over the manner and means of any alleged telemarketing calls. Exhibit 1, Section 6 (the "Independent Contractor" clause specifically states: "Nothing in this Agreement shall be construed to create a partnership, joint venture, or employment relationship between EDM and ISI."). The independent contractor status meant EDM was fully responsible for its own operations, and ISI had no involvement in how EDM

conducted its telemarketing activities. Decl. of Rua at ¶ 3, 10, 14. Thus, ISI does not have any understanding of whether EDM would identify itself as being associated with ISI, and ISI would neither prohibit nor expect them from doing so. *See generally* Decl. of Rua; *see also* Exhibit 1. Any decision of EDM to engage in outbound calls or to use ISI's name in the course of a telephone call is therefore in the sole discretion of EDM, which alone is sufficient to defeat vicarious liability. *Id*. ISI exercises no control over these decisions and activities, and, significantly, has not engaged in any activities that would create a reasonable belief in Plaintiff or another third party that EDM was acting on authority of ISI. Thus, ISI has not taken any steps that would create a reasonable belief that it authorized the calls at issue or that EDM was an agent of ISI with respect to such calls. *Jones*, 887 F.3d at 453 (holding that a principal was not liable for the calls at issue even though they were made by an agent of the principal).

Thus, ISI is therefore entitled to summary judgment on an apparent authority theory as well.

**C.     ISI Could Not Have Ratified Acts of EDM Because It Had No Knowledge Of The Illegal Conduct And Did Not Benefit From Them.**

The final means by which Plaintiff may establish liability is ratification. CC Order ¶ 34. To prove ratification, Plaintiff must prove that ISI ratified acts of EDM by "knowingly accepting their benefits." *Id.* General knowledge of an allege agent's actions is not enough; the defendant must have "actual knowledge" that an alleged

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

agent was placing calls "in violation of the TCPA and accepted the benefits thereform." *Kristensen*, 879 F.3d at 1015. Thus, even if a plaintiff proves that a defendant did, in fact, benefit from a TCPA violation, summary judgment is still appropriate unless the defendant had full knowledge of the violation when it accepted the benefit. *Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 253 (4th Cir. 2018) (holding that a plaintiff failed to prove vicariously liability on the grounds that "Plaintiffs do not cite any evidence showing that UTC and Honeywell knew that the telemarketers' high sales numbers were fueled by robocalls and calls to the Do-Not-Call Registry when they signed the dealer and sales agreements that entitled the telemarketers to the rebates in question"). Further, "[a]lthough a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Thomas*, 582 F. App'x at 680.

As discussed above, EDM is not an agent of ISI. For that reason alone, ISI is entitled to summary judgment, as ratification requires an underlying agency relationship to be applicable. *Id*. Even if ISI was an agent, ISI is still entitled to summary judgment on ratification, because it did not have full knowledge of the alleged conduct and did not benefit from it. Decl. of Rua at ¶ 8.

In *Kristensen*, the Ninth Circuit held that ratification did not apply because the plaintiff "presented no evidence that [the principal] had actual knowledge that [the

agent] was sending text messages in violation of the TCPA." *Kristensen,* 879 F.3d at 1015.

Like the defendant in *Kristensen*, ISI did not have knowledge that EDM placed the illegal calls that violated the TCPA. Decl. of Rua at ¶ 8. Thus, it could not have ratified the conduct, even if Plaintiff could prove that ISI benefitted from the calls. Restatement (Third) of Agency § 4.06 ("A principal is not bound by a ratification made without knowledge of material facts involved in the original act."); *see also Hodgin*, 885 F.3d at 253 (holding that an alleged principal could not be liable under a ratification theory because it did not know high sales numbers were the result of TCPA violations). Plaintiff, however, cannot even make that showing, as there is no evidence in the record demonstrating that ISI receive a benefit from any calls placed by EDM. Moreover, the Section 3.2 in the Contract between ISI and EDM further demonstrates that ISI had no intention to condone or ratify any illegal actions. Exhibit 1, Section 3.2. The provision explicitly requires EDM to comply with all applicable laws. *Id*. This demonstrates that ISI sought to ensure lawful conduct on EDM's part and had no knowledge of or involvement in any potential violations of the law. In fact, the evidence supports the conclusion that ISI took steps to ensure compliance with legal standards, further distancing itself from any suggestion of ratification. *Id*. (requiring that consent be obtained from potential customers).

Thus, because ISI lacked knowledge of the alleged illegal calls and did not benefit from them, it is entitled to summary judgment under a ratification theory as

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

well.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, ISI respectfully requests that this Court grant this Motion and enter summary judgment in its favor.

Dated: September 13, 2024          TROUTMAN AMIN, LLP

By: */s/Brittany A. Andres*__
Brittany A. Andres

*Attorneys for Insurance Supermarket, Inc.*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure, the undersigned counsel for the defendant certifies that the foregoing document has been sent to all counsel of record and served through the Court's electronic filing system and/or email, on September 13, 2024.

*/s/ Brittany A. Andres*
Brittany A. Andres

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com